## BEHRN v. WHITE.

### (*Nashville.* March 15, 1902.)

1. DECREE. *Vests title at its date, when.*

   A decree directing reformation of a deed and conveyance of the property involved to the complainant by the Clerk and Master operates, under our statutes, to invest the complainant with perfect title from its date without such conveyance, the Clerk and Master being a "party" within the meaning of the statute declaring that, "If the decree direct the conveyance, release, or acquittance to be made, and the party against whom the decree is rendered fails or refuses to execute the same in the time specified in the decree, or in a reasonable time, if no particular time is thus specified, the decree operates in all respects as if the conveyance, release, or acquittance was made."

   Code construed: §§ 6301, 6302, 6303 (S.); §§ 5234–5236 (M. & V.); §§ 4484-4486 (T. & S.).

2. INNOCENT PURCHASER. *Who is.*

   A purchaser or mortgagee is an innocent purchaser whose rights are not affected by the reversal on writ of error, prosecuted after the deed or mortgage was made, of a decree of an inferior court, in force at the date of the deed or mortgage vesting the grantor or mortgagor with title to the property, even though the parties prosecuting the writ of error and succeeding in reversal of such decree are minors.

   Cases cited: Wooldridge v. Boyd, 13 Lea, 151; Williamson v. Williams, 11 Lea, 355, 363; Anderson v. Ammonett, 9 Lea, 1, 11; Livingston v. Noe, 1 Lea, 55; Winchester v. Winchester, 1 Head, 460; Hurt v. Long, 90 Tenn., 445, 453.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. H. H. COOK, Ch.

MORRIS & TURNEY and W. T. TURLEY for Behrn.

M. T. BRYAN, P. M. ESTES, JOHN J. VERTREES and E. A. PRICE for White.

WILKES, J. The facts which lead up to the present controversy are fully stated in *Sawyers* v. *Sawyers,* 22 Pickle, 598.

The bill in that case was filed to have a deed from J. G. Sawyers to John C. and Emma A. Sawyers, and their children, reformed so as to conform to the intention of the grantor.

The deed was reformed under the proceedings in that case, but not in exact conformity to the prayer, and the Court ordered that the Clerk and Master make to Emma A. Sawyers a deed to the property, with full power to sell, convey, mortgage, or dispose of the same upon her husband joining in the conveyance, and adding other provisions not necessary now to mention. No deed was in fact ever executed by the Clerk and Master under this decree, but on the 18th of March, 1897, Sawyers and wife executed a deed to the property to William White for $6,822.25, of which $1,822.25 was paid in cash and $5,000 was applied to the satisfaction of a mortgage to the British and American Mortgage Company, Limited, which had been placed on the property by Sawyers and wife after the decree was passed.

White went into possession under his deed. Af-

ter all these matters had transpired, the cause of *Sawyers* v. *Sawyers* was brought to this Court on behalf of the minor children of Sawyers and wife by writ of error, and it was insisted the decree of the Court below, reforming the deed, was not warranted by the evidence. This insistence was sustained by this Court, and the decree of the Court below was set aside, but the case was remanded for any further proof that might be produced to warrant such reformation.

The result upon the demand was that no sufficient proof being made to warrant the reformation, the bill filed for that purpose was dismissed. Thereupon the minors, by next friend, sued in this cause to recover the property from White, making the mortgage company, Sawyers and wife, and others parties, so as to clear up the title and fix it in them. The Chancellor held that White was not an innocent purchaser, and he and his associate defendants appealed.

It is conceded that the Court of Chancery Appeals has found the facts to be that White and the mortgage company are innocent purchasers, provided the legal effect of the decree, directing the Clerk and Master to make deed to Emma A. Sawyers, was to vest the title in her and of itself, without a deed having been made by the Clerk and Master, as the decree directed.

The Court of Chancery Appeals held that it did have such effect, and complainants have ap-

pealed to this Court, and present this question for adjudication by the Court.

The provisions of the statutes bearing upon this question are Secs. 6301, 6302, and 6303 of Shannon's Compilation, and are as follows:

"Sec. 6301. The decree may divest title to property, real or personal, out of any of the parties, and vest it in others, and such decree shall have all the force and effect of a conveyance by such parties, executed in due form of law.

"Sec. 6302. The Court may also appoint a commissioner to execute all necessary conveyances, releases and acquittances, either in his name, or in the name of the parties, as the Court may think proper, and the instrument so executed will be as valid as if executed by the party.

"Sec. 6303. If the decree direct the conveyance, release, or acquittance to be made, and the party against whom the decree is rendered fails or refuses to execute the same in the time specified in the decree, or in a reasonable time, if no particular time is thus specified, the decree operates in all respects as if the conveyance, release, or acquittance was made."

The question presented is, whether the Clerk and Master, who is directed to make the deed, falls within the designation of "the party against whom the decree is rendered" within the meaning and terms of the statute.

Complainant insists that the word "party," as there used, refers to persons who are litigants and parties of record who had previously held the title, and not to the Clerk and Master.

The Court of Chancery Appeals held that the statute should have a liberal construction, as if the term used was "person," and not "party," in the sense of a party litigant or holding title.

In this we think that Court is correct. The Clerk and Master, Commissioner, or other "person" directed to make the deed, becomes, by virtue of the decree, a "party" to the suit, at least for the purpose of perfecting the title, and the act would take full effect as to such Clerk and Master as it would have done with any party directed to make such title.

The Clerk and Master being thus a party, and having failed to make the deed as directed, the title vested in Emma A. Sawyers by virtue of the provisions of Sec. 6303.

And she, with her husband, having made the conveyance to White and the mortgage company, innocent purchasers, before the proceeding by the minors, under the writ of error, and before they had any notice of the claim, they would not be affected by that proceeding, nor the decree made thereunder. *Wooldridge* v. *Boyd*, 13 Lea, 151; *Williamson* v. *Williams*, 11 Lea, 355, 363; *Staples* v. *White et al.*, 4 Pickle, 30; *Anderson* v. *Ammonett*, 9 Lea, 1, 11; *Livingston* v. *Noe*, 1

Lea, 55; *Winchester* v. *Winchester,* 1 Head, 460; *Vogle* v. *Montgomery,* 54 Mo., 577; *Eldridge* v. *Walker,* 80 Ill., 270; *Rector* v. *Fitzgerald,* 59 Fed. Rep., 808; *Cheever* v. *Mantin,* 13 Am. St. Rep., 258.

And the principle and rule is the same in case of minors as of adults. *Hurt* v. *Long,* 6 Pickle, 445, 453.

The decree of the Court of Chancery Appeals is affirmed.