CHICKAMAUGA TRUST CO. *v.* WILLIAM A. LONAS *et al.*

*(Knoxville.    September Term, 1917.)*

1. **PARTITION. Remainders. Sale. Purchasers before appeal.**

No court has authority to decree partition between a life tenant and remaindermen, and such a decree is absolutely void, and a purchaser is not protected by Thompson's Shannon's Code, section 4922, providing that purchasers under a decree of the lower court, before writ of error is obtained and *supersedeas* granted, shall not be disturbed. (*Post, pp.* 233, 234.)

Cases cited and approved: Behrn v. White, 108 Tenn., 392; Isham v. Sienknecht, 59 S. W., 779; Holt v. Hamlin, 120 Tenn., 496; McConnell v. Bell, 121 Tenn., 198.

2. **JUDGMENT. Collateral attack.**

A decree of partition between a life tenant and remaindermen is utterly void, and can be collaterally attacked by remaindermen in a foreclosure action against land assigned to life tenant by the decree and mortgaged by him. (*Post, pp.* 234-238.)

Cases cited and approved: Turley v. Taylor, 71 Tenn., 171; Campbell v. Bryant, 2 Tenn. Cas., 146; Starkey v. Hammer, 60 Tenn., 438; Day v. Micou, 18 Wall., 156; Windsor v. McVeigh, 93 U. S., 274; Ritchie v. Sayers, 100 Fed., 520; Wall v. Wall, 123 Pa., 545; Risley v. Phenix Bank, 83 N. Y., 318; Wilkins v. McCorkle 112 Tenn., 688.

Cases cited and distinguished: Isham v. Sienknecht, 59 S. W., 779; Biglow v Forrest, 76 U. S., 339; Ex parte Lange, 18 Wall. (85 U. S.), 163; U. S. v. Walker 109 U. S., 258; Seamster v. Blackstock, 83 Va., 235.

3. **LIFE ESTATES. Mortgages. Validity.**

Where life tenant mortgaged land assigned to him under a void partition decree, the mortgage was valid as against the interest of the life tenant in the land covered by the trust deed, although void as against remaindermen. (*Post, pp.* 238, 239.)

### FROM GRAINGER.

Error to the Chancery Court of Grainger County.— HUGH G. KYLE, Chancellor.

SIZER, CHAMBLISS & CHAMBLISS, for Chickamauga Trust Co.

FRANK PARK, JR., for Wm. A. Lonas and wife.

JOHN R. KING, for Comfort Knox Lonas and others.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The bill of complaint is one seeking the foreclosure of a trust deed executed by William A. Lonas and wife, which conveyed a tract of four hundred acres of land, to secure the payment of a note for $8,000 and interest due to complainant Trust Company. The minor children of Lonas and wife were joined as defendants in order to the ascertainment of the rights of complainant and these minors, respectively, in the land, and to an adjudication that minors had no interest therein.

The land covered by the trust deed and another tract had been conveyed to Lonas and wife for their joint lives and to the survivor of them for life, with remainder to their children, the minor defendants.

Lonas had become involved financially, and he and his wife had previously mortgaged their interests in both of the tracts, and the mortgagees were threatening to foreclose. In this attitude of affairs; Lonas applied to complainant for a loan, offering his and his wife's interests in both tracts as security. On learning that their interests were merely estates for life, the trust company declined to grant the loan. It was then asked whether an application for a loan would be considered if proceedings in court were had for a partition of all the lands between Lonas and his wife as life tenants and their children as remaindermen, thus procuring the setting off to the applicants of a portion of the land in fee simple, same then to be subjected to a mortgage or trust deed in favor of the trust company. Assurance was given that the loan would be made if this result could be accomplished.

Lonas and wife thereupon filed a bill in chancery against their children, praying that the relative value of their interests in the land as life tenants be ascertained, and that a partition be decreed as above outlined. By allegations in that bill it was sought to show that such a partition would be to the advantage of the minors, but no decree was sought to sell the minor's remainder estate for reinvestment.

That cause was prosecuted to a decree such as Lonas and wife sought, under which they were assigned four hundred acres out of a total of five hundred and sixty acres of the lands, their children taking the

balance. The record of that proceeding was exhibited to the trust company, and it proceeded to lend the $8,000 on the security of the lands which had been thus assigned in partition to Lonas and wife.

After the loan was made, the minor defendants in the partition proceeding prosecuted a writ of error from the partition decree to the appellate court, and with success. The decree for partition was reversed by the court of civil appeals, the decree being affirmed by this court on the ground that the chancery court was without power to partition in severalty and in kind the lands as between the father and mother as tenants for life and their children as remaindermen.

Lonas made default in the payment of the trust debt, and the present suit was brought, as above stated, to bring to foreclosure the trust deed. The minors were made defendants in an effort to have the validity of the decree in the partition case declared as against them and to have the four hundred acres covered by the trust deed sold in bar of any claim of the minors.

The chancellor decreed in favor of the trust company, but on appeal the court of civil appeals reversed that decree; and the trust company has brought the cause before this court by the writ of *certiorari.*

For the complainant, it is advanced that the loan was made by it on the strength of the title acquired

by Lonas and wife under the proceedings and decree in the partition cause, and on faith that they were regular and valid, and without knowledge or suspicion that the minors would prosecute a writ of error to any appellate court for review and reversal. Complainant relies upon Thompson's Shannon's Code, section 4922, as construed in *Behrn* v. *White,* 108 Tenn., 392, 67 S. W., 810, as constituting it an innocent purchaser of the four hundred acre tract to the extent of its loan, as against the minors, notwithstanding the subsequent reversal of the decree which purported to vest title in Lonas and wife and divested it out of their minor children. That section of the Code is as follows:

"If the judgment or decree below has been executed by a sale of property, either real or personal, before the writ of error is obtained and *supersedeas* granted, the right, title, and interest of any purchaser, previously acquired under the judgment or decree, shall not be disturbed or affected by the reversal of such decree."

Without deciding, because not discussed by counsel, the question whether a decree for partition in kind may ever be deemed a decree "executed by a sale of property" so as to protect one standing in the plight of the trust company, we pass to a consideration of the point discussed in the courts below and on the briefs of counsel in this court: Is the partition decree so far void as that complainant is not protected by the statute quoted, or was it competent for the minors to

attack that decree collaterally, or otherwise than in appellate review?

If the partition proceeding under which the trust company claims, and the decree therein, are void on their face, it cannot hold as one protected by the above-quoted Code provision. *Isham* v. *Sienknecht* (Ch. App.), 59 S. W., 779, 783.

The court of civil appeals was divided upon the question of the nullity of the decree, three of the judges holding it to be void and two dissenting and holding to the chancellor's view.

We are of opinion that the majority members of that court were right in the ruling they made on this interesting question.

It is not within the power of any court in this State, whether of law or equity, to enforce a partition as between the owners of a life estate and the owners in remainder. Our statutes do not contemplate power in a court to entertain a bill of a life tenant of the whole premises against those entitled in remainder, to have the life estate valued, that valuation to be made a basis for such partition. It had been so decided by this court before the partition proceeding was launched by Lonas and wife, in the cases of *Holt* v. *Hamlin,* 120 Tenn., 496, 111 S. W., 241, and *McConnell* v. *Bell,* 121 Tenn., 198, 114 S. W., 203, 130 Am. St. Rep., 770.

It is urged by the complainant that the decree cannot be void because the chancery court had jurisdiction over the subject-matter of suits for partition, to which

class of actions it is said this suit belongs, and also jurisdiction of the persons of those who contend for the nullity of the decree.

While the rule is often broadly stated to be that a decree cannot be questioned collaterally where the court had jurisdiction over the parties and the subject-matter, the implication in such case necessarily is that the court proceeded in the exercise of a jurisdiction with which it was clothed to render judgment on the case stated or appearing by implication in the pleadings and on facts found or assumed in the decree.

In *Isham* v. *Sienknecht* (Ch. App.), 59 S. W., 779, affirmed by this court, it was said in an opinion by the present Chief Justice of this court, speaking of a decree for the sale of land:

"A grave misconception may be conveyed, and no doubt is often conveyed, by the bald statement that the sale is good if the court has jurisdiction of the subject-matter and of the parties. There is an ambiguity concealed in the word 'jurisdiction.' . . . We should therefore define 'jurisdiction' as follows: It is power and authority constitutionally conferred upon (or constitutionally recognized as existing in) a court or judge to pronounce the sentence of law, or to award the remedies provided by law upon a state of facts proved or admitted, referred to the tribunal for decision, and authorized by law to be the subject of investigation or action by that tribunal, and in favor of or against persons (or *res*) who present

themselves or who are brought before the court in some manner sanctioned by law.''

It was there held that a court cannot validly adjudicate upon a subject-matter which does not fall within its province as defined and limited by law; and a decree for sale of land in a court of chancery without allegation of a *nulla-bona* return was, on the facts of that case, held to be void, citing *Turley* v. *Taylor,* 3 Lea (71 Tenn.), 171. And see *Campbell* v. *Bryant,* 2 Tenn. Cas., 146; *Starkey* v. *Hammer,* 1 Baxt. (60 Tenn.), 438.

The principle is thus expressed in 15 R. C. L., p. 853:

''While it is well settled that a judgment cannot be questioned collaterally for an error committed in the exercise of jurisdiction, the rule is equally well established that a judgment may be attacked in a collateral proceeding for error in assuming jurisdiction. Even where a court has jurisdiction over the parties and the subject-matter, yet if it makes a decree which is not within the powers granted it by the law of its organization, its decree is void. Thus a judgment may be collaterally attacked where the court had jurisdiction of the parties and the subject-matter of action, but did not have jurisdiction of the question which the judgment assumed to determine, or to grant the particular relief which it assumed to afford to the litigants. . . .

''One form of usurpation of power on the part of a court in rendering a judgment is where it attempts to disregard limitations prescribed by law restrict-

ing its jurisdiction. . . . Where a court is authorized by statute to entertain jurisdiction in a particular case only, and it undertakes to exercise the power and jurisdiction conferred in a case to which the statute has no application, in so doing it will not acquire jurisdiction, and its judgment will be a nullity and subject to collateral attack.''

This doctrine has been oftenest announced and illustrated by the supreme court of the United States. *Bigelow* v. *Forrest,* 9 Wall. (76 U. S.), 339, 19 L. Ed., 696, was an action of ejectment. Bigelow, who was defendant, relied for title in fee simple on a decree rendered in a proceeding for the confiscation of the premises under act of Congress of July 17, 1862 (chapter 195, 12 Stat., 589), which provided for the condemnation of the interest of the person accused, which in that case was but an estate for life. Referring to this decree as one that would be in excess of the court's powers and, therefore, void, it was said:

''Doubtless a decree of a court having jurisdiction to make the decree cannot be impeached collaterally; but, under the act of Congress the district court had no power to order a sale which should confer upon the purchaser rights outlasting the life of French Forrest.''

The decision was followed in *Day* v. *Micou,* 18 Wall. (85 U. S.), 156, 21 L. Ed., 861, where it was said that nothing more than a condemnation of the life estate, owned by the person proceeded against, was

"within the jurisdiction or judicial power of the district court."

In the later case of *Ex parte Lange*, 18 Wall, (85 U. S.), 163, 21 L. Ed., 873, Mr. Justice MILLER, citing these two decisions, elaborated on their principle, and explained why the district court could not bind beyond its power to act:

"But why could it not? Not because it wanted jurisdiction of the property or of the offense, or to render a judgment of confiscation, but because in the very act of rendering a judgment of confiscation it condemned more than it had authority to condemn. In other words, . . . where it had full jurisdiction to render one kind of judgment, operative on the same property, it rendered one that included that which it had a right to render, and something more, and this excess was held simply void."

In *U. S.* v. *Walker*, 109 U. S., 258, 3 Sup. Ct., 277, 27 L. Ed., 927, it was said:

"In this case the statute gave the court power, on the removal of an executor or administrator, to order the assets of the decedent, which might remain unadministered, to be delivered to the administrator *de bonis non*. The court made an order directing the delivery of the proceeds of administered assets. This was beyond the power conferred by the statute, and not within the jurisdiction of the court. The order was therefore void."

In *Seamster* v. *Blackstock*, 83 Va., 232, 2 S. E., 36, 5 Am. St. Rep., 264, it appeared that by statute the

county court was prohibited from decreeing a sale of land for partition when the interest of any party exceeded in value the sum of $3,000. A decree for sale in such a case was pronounced void, on the authority of *Ex parte Lange*, supra, the record affirmatively showing that the interest of each party exceeded in value said sum.

See, also, *Windsor* v. *McVeigh*, 93 U. S., 274, 23 L. Ed., 914; *Ritchie* v. *Sayers* (C. C.), 100 Fed., 520; *Wall* v. *Wall*, 123 Pa., 545, 16 Atl., 598, 10 Am. St. Rep., 549; *Risley* v. *Phenix Bank,* 83 N. Y., 318, 38 Am. St. Rep., 421.

This does not contravene another principle, that a decree of a court proceeding within its jurisdiction is beyond collateral attack even though it decided erroneously. A decree cannot be so impeached by showing that the court manifestly proceeded upon undoubtedly erroneous principles, not affecting jurisdiction, in reaching its conclusions.

The doctrine enforced in the instant case is not merely a salutary one, but one essential to the keeping of a tribunal in bounds set for its functioning.

The lack of jurisdiction in the partition suit appears, as it must under the rule in this State, from the face of the record itself. *Wilkins* v. *McCorkle,* 112 Tenn., 688, 708, 80 S. W., 834, and cases cited.

The ruling of the court of civil appeals on this main question is therefore approved; but it appears that that court, by inadvertance, we assume, dismissed the bill outright, whereas clearly the trust company

was entitled to a decree of foreclosure against the life tenants, Lonas and wife, in respect of their estates in the lands described in the trust deed. The trust company's assignment of error on that point is sustained.

A decree will pass, modifying the decree of the court of civil appeals in that respect, affirming it in other respects, and remanding the cause for further and consistent proceedings.