REYNOLDS *v.* CHUMBLEY *et al.*

*(Nashville,* December Term, 1939.)

Opinion filed February 3, 1940.

Robert L. Keele, of Manchester, for complainant.

John A. Chumbley, of Manchester, for defendants.

Mr. Chief Justice Green delivered the opinion of the Court.

The bill in this case was filed by Mrs. Frances Martin Reynolds against Mrs. Sallie L. Chumbley individually and as administratrix of Mrs. Fannie H. Wooten, her son, John A. Chumbley, and other parties hereinafter named. Demurrers were filed by Mrs. Chumbley and John A. Chumbley, which were sustained in part and overruled in part. Both complainant and these two defendants were permitted to appeal from the order of the chancellor on the demurrers.

The bill alleges that Mrs. Fannie H. Wooten died intestate June 10, 1927, leaving as her heirs and distributees Mrs. Sallie L. Chumbley, a daughter, J. Davis Wooten, a grandson, and complainant, a great granddaughter. That Mrs. Chumbley was entitled to a one-half interest in the estate and J. Davis Wooten and complainant were entitled each to a one-fourth interest in the estate.

According to the averments of the bill complainant was eleven years of age at the death of Mrs. Wooten. Complainant became twenty-one years of age on March 15, 1937. This bill was filed February 2, 1939.

Further averments of the bill are that Mrs. Wooten left a personal estate of the value of $850 and considerable real estate. Mrs. Sallie L. Chumbley qualified as administratrix in August, 1927, but never filed an inventory of the estate, has made no settlement with the county court, and complainant has never gotten anything from said estate.

From the bill before us it appears that in 1928 a bill was filed by Mrs. Sallie L. Chumbley (which we will hereafter refer to as the Chumbley bill) against J. Davis Wooten and this complainant. Complainant was without regular guardian but a guardian *ad litem* was appointed for her and made formal answer to the Chumbley bill. The Chumbley bill set out that the real estate of Mrs. Wooten was of the value of $24,500, that it was encumbered for $6,300, that J. Davis Wooten was willing to take one-fourth of the net value of the estate at the figures mentioned for his share therein. That the real estate produced no income, that it would be of advantage for the minor heir, this complainant, to sell the land to produce an income for her maintenance and education. That Mrs. Chumbley wished to purchase the real estate at the figures named and had concluded an arrangement with J. Davis Wooten to buy his share of the real estate for one-fourth of the net value thereof. The bill prayed for reference and investigation to determine whether it would be for the advantage of the minor, this complainant, to sell her interest in the real estate to Mrs. Chumbley for one-fourth of said net value thereof,

and that upon same being shown that the court direct such sale.

It appears from the bill herein that a reference was ordered on the Chumbley bill, proof taken, and a report made by the master that $24,500 was a fair valuation to be placed upon the real estate, and that a sale thereof on behalf of the minor of her interest in the real estate for one-fourth of the net value thereof, $24,500 less $6,300, would be for the best interest of the minor, the report further setting out that the real estate produced no income. This report was confirmed by the chancellor and the decree proceeded as follows:

"It is further ordered, adjudged and decreed that the amount received from the sale of the one-fourth interest of the estate of Mrs. Fannie H. Wooten belonging to the minor, Fannie Martin, be held by the administratrix of said estate until the final winding up of the same, and after the payment of all debts, mortgages and costs of administration, and the costs of the filing of the bill, then the balance due the minor will be paid by the administratrix to the legally appointed guardian for the use and benefit of said minor. The administratrix's bond is sufficient to protect the interest of said minor until such time that the full amount due the said minor shall be paid. And no interest shall accrue on said amount due the minor until a final winding up of said estate by the administratrix."

The decree on the Chumbley bill thereupon proceeded to divest title to all of said real estate out of J. Davis Wooten and Frances Martin and vested the same in Mrs. Sallie L. Chumbley. It was further ordered that Mrs. Chumbley should assume the mortgages on said property and proportionately deduct same from the respective share of each party before making final settlement.

The Chumbley bill disclosed that the personal estate of Mrs. Wooten amounted to only $850 as aforesaid.

The present bill sets out that immediately after the proceedings detailed on the Chumbley bill and after title to Mrs. Wooten's real estate was vested in Mrs. Chumbley, the latter conveyed all of said property to defendant John A. Chumbley and that he has since sold some of said property and encumbered other portions of the same. Purchasers from John A. Chumbley are made parties to the present bill as well as those having an interest under the encumbrances placed by him on the property.

It is charged by Frances Martin Reynolds in her bill that all these proceedings on the Chumbley bill were absolutely void and the bill seeks to subject all of said real estate to partition or sale for partition and to have the complainant declared to be the owner of a one-fourth interest therein, and to have an accounting for rents and profits, regardless of the proceedings and orders made on the Chumbley bill and detailed above.

In the alternative, the present bill prays, if the court should treat the sale made on the Chumbley bill as valid, that complainant have a decree against Mrs. Chumbley for one-fourth of the net value of said real estate as determined and that a lien be declared on all of said real estate to secure satisfaction of this decree.

■ Before going to the merits of the case we notice a preliminary motion to dismiss the appeal of Mrs. Sallie L. Chumbley from the order of the chancellor overruling her demurrer in certain aspects. She was granted an appeal from the chancellor's order in this particular upon giving bond within thirty days. No bond has ever been given by her. The motion to dismiss her appeal must therefore be granted.

In the same connection we note that John A. Chumbley prayed a special appeal from the order of the chancellor overruling the fourteenth ground of his demurrer. While he assigns error upon the action of the chancellor as to other grounds of demurrer, the nature of his appeal limits our consideration thereof to a review of the chancellor's action on the fourteenth ground of demurrer.

The fourteenth ground of the demurrer of John A. Chumbley was "to so much of the bill as attempts to take jurisdiction out of the county court, in regard to a settlement with the administratrix, as the county court is the proper place to make such settlement, it having concurrent jurisdiction with this court, and it having first exercised jurisdiction must retain same to the end and this court cannot exercise any authority over matters already assumed by said county court."

The chancellor properly overruled this ground of demurrer. The bill herein shows that Mrs. Chumbley had filed no inventory of the Wooten estate nor made any settlement. Naturally there could have been no suggestion of insolvency. It does not appear, either from the Chumbley bill, or the bill before us, that Mrs. Wooten owed any debts except the mortgages on the real estate which Mrs. Chumbley individually assumed as appears from the decree heretofore set out. It does not appear that any proceedings had ever been instituted to sell Mrs. Wooten's real estate for debts and the administratrix therefore had nothing to do with the real estate but the real estate descended to the heirs. Sizer's Prichard on Wills and Administration, section 605, and cases cited. The administration of Mrs. Wooten's estate, therefore, did not involve her real property at all and the county court could have no jurisdiction of this suit

of the complainant in so far as it seeks to recover her one-fourth interest in the value of the real property.

The grounds of demurrer interposed by Mrs. Chumbley and John A. Chumbley and sustained by the chancellor were numerous. It is not necessary to consider them in detail. Both these defendants filed demurrers quite similar and in general these demurrers advanced the proposition that in the case arising on the Chumbley bill the court had jurisdiction of the parties and of the subject matter, that the minor was regularly before the court and answered by a guardian *ad litem*, and that the decree was made after proper proceedings and was binding upon the infant defendant as well as other parties thereto.

John A. Chumbley advances the proposition in one ground of his demurrer that according to the averments of the present bill he was the purchaser of the land from Mrs. Chumbley, his mother, and that he occupies the position of a *bona fide* purchaser without notice. We may dispose of this proposition by saying that John A. Chumbley was solicitor for his mother in the proceedings under which the minor's land was sold, was of course familiar with the whole proceedings, doubtless prepared the bill and the orders, and cannot be considered as a *bona fide* purchaser without notice. We overlook the propriety of attempting this defense by demurrer.

It follows that defendants Mrs. Sallie L. Chumbley and John A. Chumbley stand in much the same plight on the record and if the decree made in the Chumbley bill can be reviewed herein as to the one, it can be reviewed as to the other.

It was ruled in several of our cases that an infant might by original bill impeach a decree for fraud or for error

apparent, although the infant was a party to the suit, either by next friend before attaining majority, or within seasonable time after attaining majority. That this might even be done when an improper decree had been made against an infant although without actual fraud or surprise. The law was thus declared in *Livingston* v. *Noe,* 69 Tenn. (1 Lea), 55. It was so declared in *McGavock* v. *Bell,* 43 Tenn. (3 Cold.), 512, and this rule was recognized in *Rogers* v. *Clark,* 37 Tenn. (5 Sneed), 665, and in other cases.

These cases were reviewed in *Hurt* v. *Long,* 90 Tenn., 445, 16 S. W., 968, 969, and disapproved insofar as they held that a minor might set aside a decree for any other reason or upon any other method than that of other suitors, save and except the allowance of time in favor of their disability. The court said:

"These cases all ignored the origin of the rule under the English practice, when the methods of review were not so numerous and easy of resort as in this state under our statutes, including those saving in all instances the rights of persons under disability, and giving them, after removal of such disabilities, the same rights as existed without such saving in favor of persons sui juris, to correct, in the same methods as the latter, any and all errors committed against minors or others under disability; and the cases mentioned went too far in statement of the principle to be applied, under our law. They are inconsistent with a great number of other cases in this state, from *Winchester* v. *Winchester,* 38 Tenn. (1 Head), 460, and others of that class, including *Kindell* v. *Titus,* 56 Tenn. (9 Heisk.), 727; *Ridgely* v. *Bennett,* 81 Tenn. (13 Lea), 206, 210, and *Grimstead* v. *Huggins,* 81 Tenn. (13 Lea), 728; *Kelley* v. *Kelley,* 83 Tenn. (15 Lea), 194—down to the last utterances of this court in similar

cases, two of which (*Vaccaro* v. *Cicalla,* 89 Tenn. (5 Pickle), 63, 14 S. W., 43, and *Allen* v. *Shanks,* 90 Tenn., [359], 16 S. W., 715) expressly disavowed such principle, and held that minors, attempting to review decrees stood upon the same footing, and must resort to the same methods, as other suitors.''

This ruling in *Hurt* v. *Long, supra,* has been subsequently followed. *Carter* v. *Carter,* 144 Tenn., 628, 234 S. W., 764; *Puckett* v. *Wynns,* 132 Tenn., 513, 178 S. W., 1184; *Behrn* v. *White,* 108 Tenn., 392, 67 S. W., 810; *Wilson* v. *Schaefer,* 107 Tenn., 300, 64 S. W., 208.

The present bill does not charge actual fraud in the Chumbley case, which would justify setting aside the decree, but the bill clearly discloses that an improvident and erroneous decree was made therein against the infant, the present complainant, and the error is apparent on the face of the pleadings and decree.

As heretofore seen, the decree in the Chumbley case in effect directs that Mrs. Sallie L. Chumbley, individually, pay to Mrs. Sallie L. Chumbley, administratrix, the amount received from the sale of the one-fourth interest of the minor, and that the administratrix hold the same until after the estate is finally wound up and pay to the guardian of the minor the balance due said minor—the decree adding that the administratrix's bond will sufficiently protect the interests of the minor. This was obviously improper. We have seen that the administratrix was not entitled to any part of this fund. Taking the fund under this decree, the administratrix took it as a sort of trustee appointed by the court—not as administratrix. The sureties on the bond of the administratrix were without responsibility for any misappropriation by the administratrix of such fund. *Pardue* v. *Barnes,* 54 Tenn. (7 Heisk.), 356; *Gambill* v. *Campbell,*

59 Tenn. (12 Heisk.), 737; *Brandon* v. *Mason,* 69 Tenn. (1 Lea), 615.

The infant was thus left without any protection whatever. The purchaser of the infant's property was allowed to buy same and, so to speak, to keep the purchase money in her pocket. The present bill charges that such purchaser has never accounted for the purchase money and refuses to account for the same after repeated demands.

Although it does not so describe itself, we think the present bill may be regarded a bill of review. It contains the essentials of such bill and we so treat it. It seeks to correct an error apparent on the record in the former case. An error involving a settled principle and settled practice of the chancery court. See Gibson's Suits in Chancery, section 1233. Protection of the property of its infant ward is a fundamental in a court of equity and the proceeds of an infant's lands sold under its orders are sedulously guarded under the practice in that court. The bill herein was filed in less than two years after complainant reached her majority and under Code, section 8981, she was entitled to three years in which to file such a bill after her disability was removed.

The procedure by which this minor's land was sold is not to be commended. The procedure can only be sustained under the inherent jurisdiction of chancery. It was not a partition suit. There was no effort to comply with the Code provisions, section 9227 et seq., for the sale of property of persons under disability. A bill for an infant's benefit, to sell real estate for maintenance and education, should be filed by some person with the interests of the infant at heart. Such a bill should not be entertained when filed by one desiring to purchase the infant's land. The interest of such person is to get

the land as cheaply as possible and is directly opposed to the interest of the person under disability. However, the bill has been entertained, the decree made, and the court had jurisdiction of the subject matter and of the parties. We think, therefore, the decree on the Chumbley bill cannot be treated as void.

In fact, so far as we can see from the record before us, the sale of the minor's interest in this real estate at the figure heretofore indicated may have been an advantageous sale. The present bill does not charge that the minor's interest was sold for less than its value nor does the present bill controvert the theory of the Chumbley bill that the real estate was producing no income and that it was best for the minor that her share thereof be sold and otherwise applied or invested.

We do not think we should set aside the sale. The court will not set aside a sale of an infant's lands for mere irregularities if such a sale was advantageous to the infant. *Ex parte Kirkman*, 40 Tenn. (3 Head.), 517, 518; *McGavock* v. *Bell*, 43 Tenn. (3 Cold.), 512; *Elliott* v. *Blair*, 45 Tenn. (5 Cold.), 185; *Greenlaw* v. *Greenlaw*, 84 Tenn. (16 Lea), 435, 436.

It does not appear from the present bill that the sale itself was disadvantageous to complainant and, as heretofore shown, much of the property seems to have passed through defendant John A. Chumbley to *bona fide* purchasers. We would not be justified in treating the sale as void, the court having had jurisdiction of the subject matter and of the parties and the question of the propriety of the sale having been presented on adequate pleadings and adjudicated.

We are of opinion, however, that the decree in the Chumbley case in so far as it directed the disposition of the proceeds of the minor's interest in the

realty was erroneous and the minor, the present complainant, being entitled to review the decree in that respect, this portion of the decree must be set aside. We think the minor is entitled to a decree against Mrs. Sallie L. Chumbley for one-fourth of the value of this real estate at the figures approved by the chancellor. The present bill, admitted on demurrer, discloses no credit to which Mrs. Chumbley is entitled, except the amount of the mortgages. Mrs. Chumbley assumed the mortgages on the real estate and she may deduct from $24,500 the amount of the mortgages, $6,300, with interest due thereon at the date of the decree on the Chumbley bill. One-fourth of the balance, with interest from the date of the decree on the Chumbley bill, will be the measure of complainant's recovery.

Upon familiar principles, the complainant, for the satisfaction of the indicated decree, is entitled to a purchase money lien on any part of the lands, or any equity in the same, still owned by Mrs. Chumbley.

We think the complainant cannot for the satisfaction of her decree reach any interest of *bona fide* purchasers from John A. Chumbley in the land, although entitled to reach any interest, by way of lien or otherwise, retained therein by said defendant in the land he sold.

As we have stated before, we cannot look upon defendant John A. Chumbley as an innocent and *bona fide* purchaser of these lands from his mother. She appeared, although a proposed purchaser, as a sort of next friend for her infant relative seeking a sale of the land for that infant's benefit. Defendant John A. Chumbley was his mother's adviser and attorney in this procedure. Everything done in the Chumbley case was no doubt done under his direction. As an attorney and officer of the court,

510

upon principles laid down by this court in *In re Woods,* 158 Tenn., 383, 13 S. W. (2d), 800, 62 A. L. R., 904, being responsible for this misapplication and hazard of the proceeds of the minor's lands, he cannot be permitted to hold those lands free from the minor's claims. Her purchase money lien will follow the lands into his hands and fasten upon any interest he still has therein, legal title or equity.

The complainant insists that the sale made under the Chumbley bill was void by reason of the fact that the trustee under the mortgages resting upon the land was not made a party to the suit. The lands, however, were sold subject to these mortgages and under the rule of this court in *Meyers* v. *Wolf,* 162 Tenn., 42, 34 S. W. (2d), 201, the trustee was not a necessary party. The decree in that suit only affected the interests and rights of those who were parties thereto. The decree recognized the mortgages and Mrs. Chumbley assumed them herein.

We find no error in the decree of the chancellor sustaining the demurrer of defendant W. W. Chumbley. The record does not show that he is claiming any interest in the lands nor does it show any ground upon which complainant is entitled to any relief against him.

While defendant Traders National Bank prayed an appeal from the order of the chancellor overruling its demurrer, this appeal was not perfected.

The decree of the chancellor in the Chumbley case insofar as it directed that the proceeds of the sale of the personal property of Mrs. Wooten be turned over to the administratrix was correct.

The demurrers of Mrs. Sallie L. Chumbley and John A. Chumbley will be overruled as herein indicated, the

decree of the chancellor modified as herein indicated, and the cause remanded for further proceedings.

Costs of appeal will be paid by defendants Mrs. Sallie L. Chumbley and John A. Chumbley and costs below will be adjudged by the chancellor.