IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 21, 2001 Session

## GLORIA GUINN v. LUCIOUS GUINN

**A Direct Appeal from the Circuit Court for Shelby County
No. 157712 R.D.     The Honorable George H. Brown, Jr., Judge**

_____

**No. W1999-01809-COA-R3-CV - Filed April 6, 2001**

_____

This is a post-divorce proceeding pursuant to Tenn.R.Civ.P. 60. Defendant-husband filed a motion to set aside a final decree of divorce granted on the grounds of irreconcilable differences, because there was no written agreement settling property rights. Plaintiff-wife filed a motion pursuant to Rule 60 to amend the final decree of divorce to show that the ground for divorce is inappropriate marital conduct. The trial court denied Husband's motion, granted Wife's motion and entered an amended final decree showing the ground for divorce as inappropriate marital conduct. Husband appeals. We affirm in part and reverse in part.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY KIRBY LILLARD, J., joined.

Gerald S. Green, Memphis, For Appellant, Lucious Guinn

James V. Ball, Memphis, For Appellee, Gloria Guinn

### OPINION

On December 12, 1997, Gloria Guinn, ("Wife") filed a complaint for divorce against Lucious T. Guinn, Jr. ("Husband") alleging irreconcilable differences and inappropriate marital conduct. Husband counterclaimed, also alleging irreconcilable differences and inappropriate marital conduct. Following a court appearance, a final decree of divorce was filed January 15, 1999 granting Wife a divorce on the ground of irreconcilable differences. The final decree also awarded the parties' home to Husband and ordered that he execute a deed of trust to Wife in the amount of $45,000.00

for her equity in the home.[1] Each party was awarded their personal property and the automobile in their possession and provided that each party waives alimony and any rights to the pension plan of the other party. The decree provides in part:

> This cause came on to be heard before the Honorable George H. Brown, Jr., Judge of Division VI of the Circuit Court of Tennessee for the Thirtieth Judicial Circuit at Memphis, upon the Complaint For Divorce filed by Plaintiff, Gloria J. Guinn, personal service of process upon the Divorce Referee and upon the Defendant, the answer of the Divorce Referee filed herein, upon a written Answer and Counter-Complaint filed May 6, 1998, upon a written Answer to Counter-Complaint filed June 10, 1998, the filing of a Non-Military Affidavit, the filing of Interrogatories and Answers to Interrogatories by both parties, and upon statements of counsel for the Plaintiff and Defendant, and upon the entire record in this cause, that all matters in controversy have herein been resolved.
>
> *             *             *
>
> That the Court further finds that a state of irreconcilable differences existed at the time of the separation of these parties, and that said state of irreconcilable differences continued to exist and that there was no chance of reconciliation. That the grounds for said divorce occurred in Memphis, Shelby County, Tennessee. That the Court further finds that Plaintiff, Gloria J. Guinn, should be granted an absolute divorce from the Defendant, Lucious T. Guinn, Jr., on the grounds of irreconcilable differences.
>
> The Court further affirmatively finds that the parties have made adequate, equitable and sufficient provision for the settlement of the personal property of the parties by the proffer of settlement made by counsel. There were no minor children born of this marriage and the Plaintiff is not pregnant at this time with the Defendant's child.
>
> *             *             *

Although the decree provides a place for the signature of both parties and their attorneys, the decree was signed only by Wife and her attorney.

---

[1] It appears that the intent of this provision was for Wife to get $45,000.00 for her share of the home's value, and Husband was to be indebted to her for that amount by virtue of some evidence of indebtedness secured by a deed of trust on the property.

On July 22, 1999, Wife filed a "Petition for Citation of Contempt and for Wage Assignment," in which she alleged that Husband had not complied with the provisions of the final decree concerning the execution of papers and payment for the interest in the real property awarded to Husband. On August 19, 1999, Husband filed a "Motion for Relief [From] Final Decree of Divorce," in which he seeks, pursuant to Tenn.R.Civ.P. 60.02 (1)(5), that the final decree be set aside, because it grants a divorce on the ground of irreconcilable differences, and no written marital dissolution agreement was executed. The motion further states that no testimony was elicited at the hearing, and no other grounds were proven, and that the final decree of divorce is void. On September 3, 1999, Wife filed a "Motion for Leave to Amend Final Decree of Divorce," in which she seeks relief pursuant to Rules 59[2] and 60, Tenn.R.Civ.P., to amend the final decree of divorce to show the ground for divorce as inappropriate marital conduct. The motion states in pertinent part:

> 1. That the Final Decree of Divorce in this cause states that the divorce was granted on the grounds of irreconcilable differences.
>
> 2. That the divorce was granted on September 2, 1998 by this Honorable Court after a proffer of testimony from both Plaintiff's counsel and Defendant's counsel.
>
> 3. That a Marital Dissolution Agreement was not entered into by the parties, but the parties did enter into adequate, equitable and sufficient provisions for the settlement *of the personal property* of the parties which was then related to this Court through a proffer of settlement made by respective counsel.
>
> 4. That Plaintiff's counsel did by way of proffer of testimony supply sufficient evidence to the Court for the granting of a divorce based on the grounds of inappropriate marital conduct which was alleged in the original Complaint for Divorce in this cause.

(Emphasis added).

Husband filed an affidavit in response to Wife's motion stating that he did not stipulate or agree to a divorce on the ground of inappropriate marital conduct or any other ground for divorce.

On October 6, 1999, the trial court filed "Order Granting Leave to Amend Final Decree of Divorce" which provides:

> This cause came on to be heard before the Honorable George
> H. Brown, Jr., Judge of Division 6 of the Circuit Court of Tennessee

---

[2] This rule is not applicable as the motion was not timely filed. See Tenn.R.Civ.P. 59.02.

-3-

for the Thirtieth Judicial District at Memphis, upon Plaintiff, Gloria J. Guinn's, MOTION FOR LEAVE TO AMEND FINAL DECREE OF DIVORCE pursuant to T.R.C.P. 59 and 60, upon the statements of counsel for the parties and upon the entire record in the cause, it appeared to the Court.

1. That the Final Decree of Divorce in this cause states that the divorce was granted on the grounds of irreconcilable differences.

2. That the divorce was granted on September 2, 1998 by this Honorable Court after a proffer of testimony from both Plaintiff's counsel and Defendant's counsel.

3. That a Marital Dissolution Agreement was not entered into by the parties, but the parties did enter into adequate, equitable and sufficient provisions for the settlement of the personal property of the parties which was then related to this Court through a proffer of settlement made by respective counsel.

4. That Plaintiff's counsel did by way of proffer of testimony supply sufficient evidence to the Court for the granting of a divorce based on the grounds of inappropriate marital conduct which was alleged in the original Complaint for Divorce in this cause.

Further, the Court finds that good reason has been shown to grant Petitioner, Gloria J. Guinn's, Motion to Amend the Final Decree of Divorce to read that the divorce was granted on the grounds of inappropriate marital conduct and that said Final Decree should be amended to so show.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Plaintiff is hereby allowed to amend her Final Decree to show that the divorce was granted on the ground of inappropriate marital conduct.

The amended Final Decree of Divorce was filed October 6, 1999.

Subsequently, on November 5, 1999, the trial court filed an order denying Husband's motion for relief from the final decree of divorce. Husband has appealed, and although he presents three issues in his brief, we perceive the issues are encompassed in the singular issue of whether the trial court erred in denying the motion to set aside the final decree and in granting the motion to amend the final decree.

From time immemorial, the memory of man runneth not to the contrary that a court speaks through its orders and decrees entered on the minutes of the court. *See Morat v. State Farm Mut. Auto. Ins. Co.*, 949 S.W.2d 692 (Tenn. Ct. App. 1997); *Palmer v. Palmer*, 562 S.W.2d 833 (Tenn. Ct. App. 1978). In the case before us, there is no transcript of the evidence nor a statement of the evidence, and we are limited to filings included in what was formerly referred to as the technical record.

The initial final decree was filed January 15, 1999, and explicitly granted a divorce to Wife on the sole ground of irreconcilable differences. The decree made no reference to any testimony or proffer of testimony concerning grounds of divorce, except the court's explicit findings "that a state of irreconcilable differences existed at the time of the separation of these parties and that said state of irreconcilable differences continued to exist." The decree further provides that the court affirmatively found "that the parties have made adequate, equitable and sufficient provision for the settlement of the ***personal property*** of the parties by the proffer of settlement made by counsel." (Emphasis added). Significantly, the decree does not provide that there is a written agreement providing for the equitable settlement of any property rights between the parties. It is noteworthy that in addition to the provisions in the decree concerning the division of the personal property, Husband was awarded the equity in the marital home and ordered to pay the amount of $45,000.00 therefor to Wife.

T.C.A. § 36-4-103 (Supp. 2000) provides in pertinent part:

> (b) No divorce shall be granted on the ground of irreconcilable differences unless the court affirmatively finds in its decree that the parties have made adequate and sufficient provision by written agreement for the custody and maintenance of any children of that marriage and for the equitable settlement of any property rights between the parties. If the court does not affirmatively find that the agreement is sufficient or equitable, the cause shall be continued by the court to allow further disposition by the petitioner. If both parties are present at the hearing, they may, at that time, ratify any amendments the court may have to the agreement. The amended agreement shall then become a part of the decree. The agreement shall be incorporated in the decree or incorporated by reference, and such decree may be modified as other decrees for divorce.

The statute is clear and unambiguous that a trial court must affirmatively find that there is a written agreement for, inter alia, "the equitable settlement of any property rights between the parties." In the absence of compliance with the express statutory requirements, the court is without authority to grant a divorce on the ground of irreconcilable differences, and a decree granting such a divorce without compliance with the statute is void.

In *New York Casualty Co. v. Lawson*, 160 Tenn. 329, 24 S.W.2d 881 (1930), our Supreme Court said:

> A void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment, which want of jurisdiction may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given. (Citations omitted).

24 S.W.2d at 883.

The court cannot validly adjudicate upon a subject matter which does not fall within its province as defined and limited by law. *See Chickamauga Trust Co. v. Lonas*, 139 Tenn. 228, 201 S.W. 777 (1917). In *Chickamauga*, the Court said:

> The principle is thus expressed in 15 R.C.L., p. 853:
>
>> While it is well settled that a judgment cannot be questioned collaterally for an error committed in the exercise of jurisdiction, the rule is equally well established that a judgment may be attacked in a collateral proceeding for error in assuming jurisdiction. Even where a court has jurisdiction over the parties and the subject-matter, yet if it makes a decree which is not within the powers granted it by the law of its organization, its decree is void. Thus a judgment may be collaterally attacked where the court had jurisdiction of the parties and the subject-matter of action, but did not have jurisdiction of the question which the judgment assumed to determine, or to grant the particular relief which it assumed to afford to the litigants. . . .
>>
>> One form of usurpation of power on the part of a court in rendering a judgment is where it attempts to disregard limitations prescribed by law restricting its jurisdiction. . . . where a court is authorized by statute to entertain jurisdiction in a particular case only, and it undertakes to exercise the power and jurisdiction conferred in a case to which the statute has no application, in so doing it will not acquire jurisdiction, and its judgment will be a nullity and subject to collateral attack.

139 Tenn. at 235-236.

It requires no citation of authority that a void judgment or decree cannot be amended because such a judgment or decree is a complete nullity. "From its inception, a void judgment continues to be absolutely null. It is incapable of being confirmed, ratified, or enforced in any manner or to any degree. One source of a void judgment is the lack of subject matter jurisdiction." Black's Law Dictationary, 848 (7th ed. 1999).

We find that the trial court erred in granting Wife's motion to amend the final decree and in filing an amended final decree. Husband's motion to set aside the final decree should have been granted.

We should also note that the initial final decree specifically refers to a proffer of testimony concerning the settlement of the parties' personal property rights. There is no indication in the decree at all that any proof was elicited concerning a division of the other marital property; that is, the marital home. Yet, the decree specifically makes a division of the marital home and provides for the establishment of indebtedness on the part of Husband which Wife is now seeking to enforce. We are not unmindful of the rule that where the trial court hears the evidence and the evidence is not included in the record on appeal, it is conclusively presumed that the evidence supports the ruling of the trial court. *See Turner v. Turner*, 739 S.W.2d 779 (Tenn. Ct. App. 1986). However, in the instant case, the decree reflects that there was no evidence concerning a division of property other than the proffer of testimony for personal property settlement. We should also note that counsel for Wife concedes in her brief that the settlement excluded "the division of the marital residence and two investment accounts in the name of defendant/appellant." (Appellee's brief, page 2).

In any event, since the initial final decree of divorce was void on its face, the trial court should have vacated the decree on Husband's motion.

Accordingly, the order of the trial court amending the final decree is vacated, and the amended decree so filed is vacated. The order of the trial court denying Husband's motion to set aside the initial final decree of divorce is reversed, and the initial final decree of divorce is vacated. This case is remanded to the trial court for such further proceedings as necessary. Costs of the appeal are assessed against appellee. Gloria Guinn.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.