## BANK v. CARPENTER.

### (*Knoxville.*   October 16, 1896.)

DECREE. *Coram non judice.*

A decree is *coram non judice* and void which, under a bill seeking to attach a specific debt or property, subjects to complainant's claim other assets of his debtor not described or sought to be subjected by the bill.

Cases cited and approved: Randolph v. Bank, 9 Lea, 63; Rogers v. Breen, 9 Heis., 679; Easley v. Tarkington, 5 Bax., 592.

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. H. B. LINDSAY, Ch.

INGERSOLL & PEYTON for Bank.

MYNATT & FOWLER for Carpenter.

BEARD, J.   The complainants are creditors of J. P. Carpenter, and they filed this bill in order to subject to the payment of their claims against him an alleged indebtedness of defendants, Rivers & Mc-Clain, to him, and to impound, by attachment, certain personal property conveyed by a chattel mortgage executed by these parties to Carpenter on Feb-

ruary 15, 1893, to secure this indebtedness, with a view of appropriating its proceeds to the claims of complainants. The bill alleges that the debt secured in the mortgage was evidenced by three notes, aggregating $1,200, due three, four, and six years after date, but that those notes, though unpaid, had been placed by Carpenter in the custody of the makers, and that the transaction, as a whole, was a scheme to hinder, delay, and defraud the respective creditors of the mortgagors and mortgagee. The bill further alleged that one Atkins was claiming a superior lien on a part of this property; he was therefore made a party defendant, and was required to set up and establish his claim. The complainants thereupon asked that an "attachment issue as to said Carpenter, to be levied upon said property, and the indebtedness due from said Rivers & McClain to J. P. Carpenter on security of said trust deed (or chattel mortgage); that said deed be declared, as to complainants, fraudulent and void, and the defendants, Rivers & McClain, be declared indebted to defendant, Carpenter, for the amount therein evidenced, and the entire property be sold for the satisfaction of said indebtedness, and the proceeds, or so much thereof as may be necessary to pay said debts of said Carpenter, be applied to the satisfaction of the same, after paying any prior valid claim which said Atkins may establish by proof," etc.

Upon the trial of the cause, the Chancellor gave complainants a decree against Carpenter for the

amount of their respective debts, and then adjudged that the title which Rivers & McClain had in the property described in the chattel mortgage, by its terms was vested in Carpenter, and by reason of their attachment, complainants were entitled to appropriate its proceeds to their claims, subject alone to the prior lien to Atkins upon a portion of it.

Thereupon Rivers & McClain prosecuted an appeal to this Court, and at its September term, 1894, a decree was entered, reversing so much of the Chancellor's decree as gave relief, upon the ground that title to this mortgaged property was vested in Carpenter, and in lieu thereof adjudged that "complainants have a lien upon and are entitled to, subject to the satisfaction of their recoveries against J. P. Carpenter in this cause, the entire amount of his equitable interest in the property mentioned in said mortgage," and "that for the purpose of ascertaining the extent and value of said equitable interest of said Carpenter, under the mortgage aforesaid, this cause is remanded to the Chancery Court of Knox County, wherein an account will be taken for the purpose of ascertaining the amount of money advanced, loaned, or paid by said Carpenter to the defendants, Rivers & McClain, at or about the time of the execution of said mortgage, or subsequent thereto, . . . and for which they are justly indebted to him."

It is apparent from the statements heretofore made as to the purpose and scope of complainants'

bill, that they were seeking to subject to their claims against Carpenter the indebtedness of Rivers & McClain, secured by the mortgage in question. And it is equally clear that this Court only adjudged that complainants had the right to subject to their attachment claims, this particular indebtedness and none other; and to ascertain the exact amount of this was the sole motive in sending the case back to the Chancery Court for the account ordered. By an inadvertence, however, patent upon the face of this Court's decree, the account was to be taken as to the amount of money loaned, etc., "by said Carpenter to the defendants . . . at or about the time of, or subsequent to, this mortgage."

When the cause was returned by a *procedendo* to the Chancery Court of Knox County, it was referred to the Clerk and Master of that Court, who, in due time, reported that "no money was advanced to defendants, Rivers & McClain, by J. P. Carpenter at or about the time of the execution of said deed of trust (chattel mortgage)," but that subsequent thereto, in April, June, and July or August, 1893, Carpenter had advanced several sums of money, aggregating $192, which had not been repaid to him. Over the objection of Rivers & McClain, this report was confirmed by the Chancellor, and he decreed that this sum constituted an indebtedness subject to complainants' demand in this cause, and directed the Clerk and Master, out of the proceeds of the mortgaged property (which

had been already sold, and which were in the registry of the Court), after paying the costs of the cause, to pay over this amount of $192 to complainants, to go as a credit on their judgment. From this decree an appeal was prayed to this Court. Subsequently, the cause was referred to the Court of Chancery Appeals, where a decree was pronounced affirming that of the Chancellor. The case has been brought before us once more, by appeal from this last decree. It is now assigned for error that these decrees of the Chancery Court and the Court of Chancery Appeals are *coram non judice* and void. In other words, it is contended that the only purpose of complainants' bill was to impound a mortgage debt due from appellants to Carpenter, and to appropriate, subject to Atkins' prior lien, the property covered by this mortgage, as far as was necessary to pay that mortgage debt, to the payment of complainants' individual claims against the mortgagee, Carpenter, their judgment debtor; and that this was the entire scope of the pleadings in the cause. But it is insisted that the effect of these last decrees is to subject to complainants' decree a general debt due to Carpenter from Rivers & McClain never impounded by the attachment issued in this case, created after the execution of the mortgage or without regard to this mortgage, and appropriate the proceeds of the mortgaged property to complainants' decrees, when neither complainants nor their judgment debtor, Carpenter, had any lien

upon it. We think this objection well taken, and that these decrees were not warranted. While, by inadvertence, the decree remanding was unfortunate in its phraseology, yet we think it is apparent, upon a proper construction of it, that it was the purpose of this Court to confine the account ordered to the ascertainment of the amount of the mortgage debt. Certainly it was not intended (nor could it have been done, if intended) to give complainants relief beyond the limits of the pleadings, or to aid them by the appropriation of the proceeds of mortgaged property to a debt which was in no way a lien upon it, and which complainants had never sought to reach. It follows that the decrees thus complained of are *coram non judice*, and they are therefore reversed. As authority for this holding it is sufficient to refer to *Randolph* v. *Bank*, 9 Lea, 63; *Rogers* v. *Breen*, 9 Heis., 679; *Easley* v. *Tarkington*, 5 Bax., 592.

While this conclusion has been reached by us, yet as the record clearly discloses that the fraudulent device of appellants has largely provoked this litigation, we will direct that all of the costs attending this appeal shall be paid by them. The cause will be remanded to the Chancery Court of Knox County, so that proper order may be entered disposing of the funds arising from sales made in this cause while pending there.