THOMPSON *v.* KECK MANUFACTURING COMPANY.

(*Jackson.* June. 4, 1901.)

DECREE. *Coram non judice.*

A decree for debt and costs rendered against a mere formal defendant in an action by creditors against their debtor and others to recover their debts and set aside fraudulent conveyances of his property is *coram non judice* and void.

Cases cited: Bank *v.* Carpenter, 97 Tenn., 437; Randolph *v.* Bank, 9 Lea, 63; Rogers *v* Breen, 9 Heis., 679; Easley *v.* Tarkington, 5 Bax., 592.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. F. H. HEISKELL, Ch.

SMITH & TREZEVANT for Thompson.

R. P. CARY, R. G. BROWN, and CARUTHERS EWING for Keck Manufacturing Company.

BEARD, J. The bill in this cause is filed to impeach a decree pronounced against complainant in the case of *Keck Manufacturing Company* v. *V. B. Thayer et al.*, and *Champenois* v. *V. B. Thayer et al.* This decree was for large sums of money, and

was entered on January 30, 1899. Several grounds of impeachment are averred by complainant, but as one of these is decisive of the case, it will alone be considered. The ground referred to is that the decree was without pleadings, and so was *coram non judice* and void.

. The bills in the two causes in which the decree was rendered were filed by creditors of V. B. Thayer, of Memphis, who had a short time before made two assignments of his stock of merchandise to one Barchas as assignee. The complainants, who were creditors of Thayer, assailed these instruments on many grounds not material to be mentioned in the present case. The bills also alleged that Barchas, after having sold a considerable part of the stock at private sale, had advertised that he would receive bids for the remnant of the same on · February 15, 1893; that the defendant, Thayer, in company with four others, one of these, being the present complainant, Thompson, had applied for and were granted by the proper authority, a charter to carry on a mercantile business in the name of the "Thayer Jewelry Company," and to this company, when organized, the assignee had transferred as purchaser so much of the stock as then remained in his hands. The bills then alleged that no one of the parties, who thus joined Thayer in setting on foot this corporation, had more than one share of its stock, and that the money to pay for this share had been furnished the respective shareholders by

Thayer, and that, in fact and in law, the corporation was simply Thayer, and that the property so transferred was subject to the payment of the debts due from him to complainants. Discovery was asked from the various shareholders as to the amount of stock held by each, and the amount of money contributed, and by whom, to pay for their shares of stock. No personal decree was sought against any of these shareholders, save Thayer, and against him only as an original debtor, who had resorted to various devices to defraud his creditors. The main purpose of complainants in both causes was to obtain a personal decree against Thayer for the debts alleged to be due, to hold the assignee liable for the real administration of his trust, and to reach the property which passed into the hands of Thayer, who, it was alleged, was holding it under cover of a sham corporation. To this bill the complainant, Thompson, was made a party defendant. Failing to answer, a decree *pro confesso* was entered against him, and still later, a decree for the full amount of the claims of the various complainants in those causes. It is this decree which the present bill seeks to avoid.

From this recital we think it unnecessary to enter into an argument to show that it is inoperative. The mere comparison of the decree with the pleadings of itself demonstrates that it is *coram non judice.* At this day and on this point. it is only necessary to refer to the case of *Bank* v. *Carpenter,*

97 Tenn., 437; *Randolph* v. *Bank*, 9. Lea, 63; *Rogers* v. *Breen*, 9 Heis., 679; *Easley* v. *Tarkington*, 5 Bax., 592.

The decree of the Chancellor, avoiding the decree in question, is affirmed.