Mrs. Doyene Anderson filed a petition in the above consolidated causes seeking to subject the equitable interest of D.B. Johnson in certain land *Page 61 
located in Jackson County, Tennessee, to the satisfaction of a judgment which she held against him.
She alleged in her petition that she had purchased a judgment against D.B. Johnson from S.A. Cassety by regular assignment in due course of trade; that D.B. Johnson owned certain land in Jackson County, Tennessee, which was incumbered by liens superior to the claim of petitioner in the sum of about $10,000; that D.B. Johnson had no personal property subject to levy or to the payment of her judgment; the equitable interest of D.B. Johnson in the land was of substantial value, the land having a sufficient value to pay all the other lien claimants in full and to pay a substantial amount on petitioner's judgment; and she prayed for a sale of the equitable interest of D.B. Johnson in said land so as to protect the interests of all parties who had claims against said land superior to her own, and that any balance remaining from the sale of said land be applied to the satisfaction of her judgment.
D.B. Johnson interposed the following defenses to the petition:
(1) Several questions were made on the validity of the judgment or decree which was assigned by S.A. Cassety to Mrs. Doyene Anderson, the petitioner;
(2) That by order of the Chancery Court in the consolidated causes the general creditors and the receiver were ordered to disclaim all rights to the equitable interest of D.B. Johnson in the land which petitioner seeks to reach; that petitioner, or the parties through whom she claims her judgment against D.B. Johnson, were general creditors in these insolvency proceedings and that having been ordered to disclaim any interest in said lands as general creditors, petitioner as an individual creditor *Page 62 
cannot at this time subject the equitable interest of D.B. Johnson in said land to the satisfaction of her judgment against him; and
(3) That H.L. Page had already impressed a lien upon this equitable interest of D.B. Johnson in the land in controversy by a petition in these consolidated causes, and that petitioner could not subject the equitable interest to the satisfaction of her judgment for that reason.
The Chancellor sustained the petition of Mrs. Doyene Anderson and ordered the equitable interest of D.B. Johnson in the land sold, making proper provisions in the decree for the protection of the parties who held prior claims against the land.
D.B. Johnson appealed to this Court and has assigned errors.
Under the record in this cause three determinative questions are presented to us:
(1) Is the judgment or decree upon which Mrs. Doyene Anderson bases her petition subject to attack in this cause?
(2) Is petitioner, Mrs. Doyene Anderson, precluded from subjecting the equitable interest of D.B. Johnson in the land in question to the satisfaction of her decree against him, when the general creditors in the consolidated causes (and her claim was among them) had been ordered to disclaim all rights in this equitable interest of D.B. Johnson by decree entered in the consolidated causes?
(3) Can petitioner subject this equitable interest to the satisfaction of her claim when H.L. Page has impressed a prior lien on this equity to secure the payment of a judgment which he had against D.B. Johnson by a petition in these consolidated causes? *Page 63 
We shall determine these questions in order.
The receiver in the consolidated causes was awarded a decree or judgment against D.B. Johnson which was duly entered in Minute Book X, page 291, in the office of the Clerk and Master.
That judgment was sold under proper orders of the court in the consolidated causes and was purchased by S.A. Cassety.
S.A. Cassety assigned this judgment, which he had purchased, to petitioner, Mrs. Doyene Anderson.
The attack which D.B. Johnson makes upon this original judgment or decree is a collateral attack. In Magevney v. Karsch,167 Tenn. 32, 46, 65 S.W.2d 562, 567, 92 A.L.R. 343, the Court said: "Where an attack is made upon a judgment or decree of a court of general jurisdiction by parties or their privies, such judgment or decree cannot be questioned except for want of authority over the matters adjudicated upon, and this want of authority must be found in the record itself. In the absence of anything in the record to impeach the right of such court to determine the question involved, there is a conclusive presumption that it had such a right. Wilkins v. McCorkle,112 Tenn. 688, 80 S.W. 834; Reinhardt v. Nealis, 101 Tenn. 169, 46 S.W. 446; Crocker v. Balch, supra [104 Tenn. 6, 55 S.W. 307]."
The court had jurisdiction of the parties and the subject matter when the original decree or judgment was entered against D.B. Johnson, so the questions which he seeks to make in this cause against that judgment or decree, collaterally, are not available to him.
All assignments of error which question the original judgment against D.B. Johnson that was assigned to Mrs. Doyene Anderson are overruled. *Page 64 
The claim upon which Mrs. Doyene Anderson's petition is based was one of the claims of the general creditors in these consolidated causes. The court ordered that the equity of D.B. Johnson in this land be sold for the benefit of the general creditors. When the land was offered for sale there were no bidders. Upon petition of the Federal Land Bank the court ordered that the receiver and the general creditors in the consolidated causes disclaim any rights in the equity of D.B. Johnson in this land which is in controversy. Subsequent to that adjudication real estate values increased and the equitable interest of D.B. Johnson in this land did become valuable. Whereupon, Mrs. Doyene Anderson filed her petition in the present suit to subject that equitable interest to the payment of the judgment or decree which she had against D.B. Johnson. The rights of the general creditors had been fully determined and distribution made to them and the receiver discharged.
The purpose and effect of the general creditors' suit against D.B. Johnson was to subject his property to the satisfaction of all claims against him so that the claimants would share equitably and ratably. That suit did not operate to cancel the judgments or debts or claims against D.B. Johnson, but only to credit such claims with the dividend or percentage which was due each claimant from the assets of D.B. Johnson. To that end his assets were reduced to cash and these funds were distributed to his creditors.
Subsequent to the determination of the general creditors' suits, the claimants who had participated in those suits assumed the status of creditors of D.B. Johnson who had received partial payments or credits on their claims; and the balance of their claims, which remained *Page 65 
unsatisfied, was still in full force and effect. They had the right to collect the balance of their claims from D.B. Johnson as individual creditors. Any property which he acquired or owned subsequent to the final termination of the general creditors' suits was property that was available to his creditors for the payment of their debts against him. The method by which he acquired such property would not be material. The equity which petitioner seeks to subject to the payment of her judgment became available for the payment of her judgment because this land increased in value. We think the Chancellor properly held that this equitable interest of D.B. Johnson in this land was available to petitioner for the satisfaction of her debt against him. The doctrine of estoppel does not apply. The second assignment of error is overruled.
The record is not very clear in regard to the facts, but it seems to be conceded that H.L. Page had impressed a lien upon this equitable interest of D.B. Johnson in this land in controversy by a petition in the consolidated causes to secure a judgment which D.B. Johnson owed him. This petition was filed prior to the petition of Mrs. Doyene Anderson. D.B. Johnson contends that Mrs. Doyene Anderson could not acquire a lien by her petition subject to the prior lien created by the H.L. Page petition.
We do not think this position is well taken. Code, section 10352, under the title of "Jurisdiction of the Chancery Court," provides: "It has exclusive jurisdiction to aid a creditor, by judgment or decree, to subject the property of the defendant which cannot be reached by execution to the satisfaction of the judgment or decree under the provisions of this Code." *Page 66 
This section of the Code was construed in North v. Puckett et al., 164 Tenn. 100, 106, 46 S.W.2d 73, 74, 81 A.L.R. 1107, where the Court said: "Our statute is broad and comprehensive, and seems to embrace all kinds of property that is not exempt with the one exception of money in the possession of the defendant. Webb v. Jones, 81 Tenn. [200], 201. It is not limited to choses in action, but embraces `any (all) property.'"
We think petitioner had a right to subject this equity of D.B. Johnson to the payment of her claim even though a like petition had already been filed by H.L. Page to reach the same equity and had been sustained by the court. The proof shows that this land was worth substantially more than all the liens against it prior to the filing of the petition by Mrs. Anderson.
We have considered the other assignments of error and find no merit in them.
All assignments of error are overruled and the decree of the Chancery Court is affirmed with costs. The cause will be remanded to the Chancery Court of Jackson County for the enforcement of its decree.
Felts and Howell, JJ., concur.