**Tim RULE, Plaintiff-Appellee,**

v.

**Annette Scruggs BELL,
Defendant-Appellant.**

Supreme Court of Tennessee.

June 22, 1981.

J. Paul Robinson, Knoxville, for plaintiff-appellee.

Charles D. Susano, Jr., Doris C. Allen, Bernstein, Susano, Stair & Cohen, Knoxville, for defendant-appellant.

OPINION

HARBISON, Chief Justice.

This action was commenced by a judgment creditor, appellee here, to sell an equitable interest of appellant, the judgment debtor, in certain real estate situated in Knox County. The judgment against appellant and one David Scruggs was rendered in the General Sessions Court. A copy of the warrant, showing service of process upon appellant and Scruggs, was attached to the complaint.

The judgment was for property damage and personal injury sustained by appellee Rule as a result of an automobile accident allegedly caused by the negligence of Scruggs. The warrant alleged that the vehicle which Scruggs was driving was owned by appellant Annette Bell.

Appellant filed a responsive pleading, denominated an answer, which was subsequently amended. In the answer she denied owing anything to appellee, denied that she owned the vehicle described in the warrant, and denied that Scruggs was acting as her agent or employee at the time of the accident. In addition, the answer specifically stated:

"2. That she was never served with process by said officer informing her of a suit against her in Gen. Sessions Court."

In her amended answer appellant again denied ownership of the vehicle and denied any notice whatever of the action in which the judgment was rendered until long after the judgment became final.

The Chancellor held that the answer of appellant was legally insufficient to state a defense to the claim of appellee. He granted appellee's motion for judgment on the pleadings and ordered a sale of the equity of appellant in the real property described in the complaint.

The Court of Appeals affirmed. It held, as had the Chancellor, that the answer of appellant constituted an attempt "to collaterally attack a judgment, a procedure not permitted where the judgment is facially valid." The Court held that the only remedies of a person challenging service of process were to file a suit in equity to annul the judgment or to bring an action for damages against the sheriff for falsifying his return. The Court of Appeals declined to treat the answer of appellant as stating a counterclaim for affirmative relief to have the judgment annulled and held that her only remedy was to file a separate action against the sheriff or his deputy for a false return.

We are unable to concur in this disposition of the case. The authorities cited by the Court of Appeals, in our opinion, are not controlling, and it is self-evident from the answer which was filed that appellant was attempting to attack the judgment and to assert that the court rendering it had no jurisdiction over her because of the absence of service of process.

The principal case cited by the Court of Appeals was *Magevney v. Karsch*, 167 Tenn. 32, 65 S.W.2d 562 (1933). In that case the next-of-kin of the decedent undertook, thirty years after the fact, to attack a decree in which the decedent had legally adopted the claimant to her personal property. There was no question in that case of the jurisdiction of the court which granted the adoption. Its jurisdiction had been invoked by a petition filed by the decedent

herself, and a decree entered thereon. The basis of the attack upon the judgment was the insufficiency of the allegations of the petition for adoption, not the jurisdiction of the court over the persons or subject matter involved. It was under those circumstances that the Court held that the attack would not lie.

A similar situation obtained in *Robertson v. Johnson and Gaines*, 27 Tenn.App. 59, 177 S.W.2d 860 (1943). There the judgment debtor himself undertook to attack a prior judgment rendered against him. He did not, however, deny that he had been a party to the previous suit or that the court rendering the judgment had general jurisdiction of the subject matter. Under those facts the court held, correctly in our opinion, that the debtor was precluded from making a subsequent attack upon the judgment. This case was also cited by the Court of Appeals in the instant case, but we do not find its facts applicable here.

In the case of *Royal Clothing Co. v. Holloway*, 208 Tenn. 572, 347 S.W.2d 491 (1961), the judgment debtor undertook to attack the sufficiency of an officer's return. He did so, however, by an attempt to file a petition for certiorari from the general sessions court which had rendered the judgment. Reversing, this Court said:

"We think petitioner Holloway has mistaken his remedy. That remedy was not by petition for certiorari and supersedeas attempting to contradict the officer's return, but by bill in chancery to annul the judgment, or by action against the officer for false return." 208 Tenn. at 575.

Cited in support of that decision was *Myers v. Wolf*, 162 Tenn. 42, 34 S.W.2d 201 (1931). In that case, this Court stated:

"In this jurisdiction, as well as elsewhere, it has been recognized that a suit in equity may be prosecuted to secure relief against a decree or judgment rendered by a court which did not have jurisdiction of the person of the complaining party affected by it. It was so held first in *Carruthers v. Hartsfield*, 11 Tenn. (3 Yerger), 366. The conclusiveness which

is accorded the return, showing service of process, in the suit in which such judgment or decree is rendered demands a remedy in equity, and the early holding to that effect in *Ridgeway v. Bank*, 30 Tenn. (11 Humph.), 522 is quoted in Freeman on Judgments (5 ed.), section 1229, page 2558, as an 'obvious and conclusive answer' to argument to the contrary." 162 Tenn. at 55–56, 34 S.W.2d 201.

The Court further held that it is not necessary in such a suit to annul a judgment for lack of service of process to assert that a meritorious defense to the claim even existed. Some earlier cases from this jurisdiction to that effect had been previously overruled. It should be noted in the instant case, however, that the allegations of the answer filed did undertake to assert a defense to the merits as well as lack of jurisdiction of the person of appellant because she had not been served with process.

It therefore seems to us that, taken together with the allegations of the complaint, every ingredient of a suit in equity to annul a judgment was contained in the answer filed by appellant except for the form of that pleading.[1] It was not formally captioned as a counterclaim or "crossbill," to use the earlier chancery vocabulary. Otherwise it affirmatively stated on its face that the appellant was not served with process in the general sessions court or otherwise notified of the rendition of the judgment until well after it had become final.

It seems to us that this constitutes a clear, concise statement of lack of jurisdiction of the rendering court. The recipient of such a pleading was certainly put upon notice that the pleader was denying the validity of the judgment upon which the

suit was based for the specific reason that she had not been served with process in the action.

The Rules of Civil Procedure have now been in force in this state since 1971. They state at the outset that, "These rules shall be construed to secure the just, speedy and inexpensive determination of every action." Rule 1, T.R.C.P. Rule 8.06 states:

"All pleadings shall be so construed as to do substantial justice."

Rule 8.03, consistent with prior law on the subject, sets forth a number of defenses to actions, facts of which must be affirmatively stated "in short and plain terms." These include any matter "constituting an avoidance or affirmative defense." The rule then expressly states:

"When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation."

In our opinion, the answer filed in this case clearly and specifically denied service of process and challenged the validity of the judgment for that reason. Of course it should have been denominated as a counterclaim; but at a minimum, it constituted, as did the petition for adoption in *Magevney v. Karsch, supra,*

"... a defective statement of a good cause, rather than a petition which states no cause at all." 167 Tenn. at 46, 65 S.W.2d 562.

In our opinion the motion for judgment on the pleadings should have been overruled. It probably would not have been sustained under prior chancery practice.[2]

1. For form and content of suits to set aside decrees under prior practice, see *Gibson's Suits in Chancery* §§ 220, 936 (5th ed., A. Crownover, Jr. 1955).

2. Appellee sought judgment on the pleadings as filed. Under prior practice this motion would have been to "set the cause for hearing on bill and answer." When that occurred, "every matter set up in the answer, *whether responsive to the bill or purely in avoidance*, must be

taken as true." *Gibson's Suits in Chancery,* §§ 446–447 (5th ed. A. Crownover, Jr. 1955) (emphasis added). This would have included the fact that no process was served upon the defending party in the case where judgment was rendered against her. Under those circumstances, judgment upon bill and answer against the defendant would not have been appropriate.

Clearly it was not well taken under present rules of civil procedure.[3]

The judgments of the courts below are reversed and the cause is remanded for further proceedings consistent herewith. Costs incident to the appeal are taxed to appellee. All other costs will abide the judgment of the trial court.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.

---

3. The Court of Appeals in the present case stated that while rules of pleading in this state "have been greatly liberalized," they do not "permit a party to obtain affirmative relief where none is sought . . . ."

At least since the Code of 1858 statutes of this state permitted an answer to "contain a clear and orderly statement of the facts on which a defense is founded" together with a prayer for dismissal or "counter relief." *See* T.C.A. § 21–613 (now repealed). In the present case the answer denied that the appellant had ever been served with process and sought dismissal of the action to sell her equity, with costs. It has long been settled in this state that, "Counter relief may be sought in an answer in Chancery." *City of Bristol v. Reed*, 218 Tenn. 173, 178, 402 S.W.2d 124 (1966). The omission in the answer of a formal prayer "to annul the judgment," in our opinion, would not have precluded relief under prior rules any more than under the "greatly liberalized" present system.