IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 28, 2000 Session

## RUSSELL GRAVES, ET AL. v. KRAFT GENERAL FOODS

**Direct Appeal from the Circuit Court for Gibson County**
**Nos. H3134, H3135     L. T. Lafferty, Judge**

------------

### No. W1999-02010-COA-R3-CV - Filed October 9, 2000

------------

This appeal arises from an appeal made from general sessions court to chancery court. The appellee, Kraft General Foods (Kraft), appealed a general sessions judgment to chancery court. Appellants, Mr. Graves and Ms. Cross, filed motions to dismiss, while Kraft filed a motion to transfer to circuit court. The chancery court denied the motions to dismiss and granted the motion to transfer. On review, we find that the chancery court lacked any subject matter jurisdiction over the appeal. In addition, we find no statutory authority providing for chancery court to transfer such appeals. As such, Kraft did not make a timely appeal of the general sessions judgment. The circuit court's denial of the motions to dismiss is reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Harold R. Gunn, Humboldt, Tennessee, for the appellants, Russell Graves and Beverly Cross.

James T. Ryal, Jr., Humboldt, Tennessee, for the appellee, Kraft General Foods.

**OPINION**

Two separate lawsuits were filed in general sessions court by Russell Graves and Beverly Cross against Kraft. Both Mr. Graves and Ms. Cross sought various insurance benefits. The general sessions court rendered a final judgment for Mr. Graves in the amount of $8,136 plus costs and for Ms. Cross in the amount of $8,000 plus costs. Kraft appealed both judgments to the Chancery Court of Gibson County. The plaintiffs filed a motion to dismiss the appeals asserting that chancery court had no subject matter jurisdiction. Kraft filed a motion to transfer the appeals to the Circuit Court of Gibson County. The chancery court denied the motion to dismiss and granted the motion to transfer to the circuit court. The plaintiffs filed a motion to dismiss in circuit court. This motion was denied. The circuit court heard the case and reversed the judgments against Kraft in both matters.

The issues as presented by the appellants for review are as follows:

1.    Can an appeal from a general sessions judgment be made to chancery court?

2.    If an appeal from a general sessions judgment were appealed to chancery court, can chancery court transfer the appeal to circuit court?

This court perceives a more basic issue: did the defendants make a timely appeal of the general sessions judgment to a court with subject matter jurisdiction?


## Appeal from General Sessions Court to Chancery Court

The appeal procedure from a general sessions court judgment is stated in Tenn. Code Ann. § 27-5-108.  This section states:

> (a) Any party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter.
> (b) This provision allowing ten (10) days in which to perfect an appeal shall apply in every county of Tennessee, any provision of any private act to the contrary notwithstanding, it being the legislative intent to establish a uniform period of ten (10) days in which any such appeal may be perfected in any county in Tennessee.
> (c) Any appeal shall be heard de novo in the circuit court.
> (d) If no appeal is taken within the time provided, then execution may issue.

Tenn. Code Ann. § 27-5-108 (1980).  After reviewing this statute, it is clear to this court that a chancery court has no subject matter jurisdiction to hear an appeal from general sessions court. The defendant, Kraft General Foods, acknowledges that all appeals heard in general sessions court are to be appealed to circuit court.  Appeals from general sessions judgments may only be made to a proper circuit court.

## Transfer from Chancery Court to Circuit Court

The second issue before the court is whether chancery court has the authority to transfer an appeal from a general sessions judgment to the proper circuit court when the case has been appealed to chancery court.

"The general rule governing transfer is that a court lacking subject matter jurisdiction over a case has no authority to transfer it, unless that authority is specifically conferred by statute, rule, or constitutional provision." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995) (citations omitted).  This rule was explicitly adopted in *Coleman v. Coleman*, 229 S.W.2d 341 (Tenn. 1950).  In that case, a child support action was pending in the Chancery Court of Shelby

County when a cross-bill requesting custody of the children was filed by one of the parties. The chancery court refused to rule on the cross-bill, finding that a specific Tennessee statute conferred exclusive jurisdiction over such matters to another court, in that case, the court that granted the original divorce. Therefore, the chancery court ordered the cross-bill transferred to the court which heard the original divorce. Upon appeal, the Tennessee Supreme Court reversed that decision stating:

> We have been unable to find any statute which authorizes the Chancellor to transfer this cross-bill . . . for further proceedings . . . with reference to the custody of this child. . . .
>
> . . . .
>
> There are several situations in this state in which one Court without jurisdiction of a given cause is authorized . . . to transfer that cause to a Court having jurisdiction. But that authority is in each instance given by a statute. . . .
>
> The fact that statutes were considered necessary to authorize transfers by a Court without jurisdiction to a Court with jurisdiction implies lack of authority to order such transfer in the absence of statutory authority. . . .
>
> We are of the opinion that since there is no statute authorizing the Chancery Court to transfer this cause to the Circuit Court, *it was without authority of its own motion to order the transfer or to do more . . . than to dismiss it for lack of jurisdiction*. . . .

*See Coleman*, 229 S.W.2d at 344-45 (emphasis added).

"*Coleman* clearly establishes that a court lacking subject matter jurisdiction may not transfer a case in the absence of statutory authority." *Norton*, 895 S.W.2d at 320. We note that the supreme court has recognized that "a broad provision authorizing a court without subject matter jurisdiction over a case to transfer the case to any proper court would promote judicial economy." *Id*. However, the court made clear that any such provision required the enactment of a statute by the legislature.

Kraft cites sections 16-4-108 and 16-11-102 of the Tennessee Code, and rule 17 of the Tennessee Rules of Appellate Procedure as statutory authority for the transfer of this appeal from chancery court to circuit court. Section 16-4-108 states:

> (a)(1) The jurisdiction of the court of appeals is appellate only, and extends to all civil cases except workers' compensation cases and appeals pursuant to § 37-10-304(g).

(2) All cases within the jurisdiction thus conferred on the court of appeals shall, for purposes of review, be taken directly to the court of appeals in the division within which the case arose, the eastern division to include Hamilton County and the western division to include Shelby County. As to all other cases, the exclusive right of removal and review is in the supreme court. Any case removed by mistake to the wrong court shall by such court be transferred to the court having jurisdiction thereof, direct.

(b) The court of appeals also has appellate jurisdiction over civil or criminal contempt arising out of a civil matter.

Tenn. Code Ann. § 16-4-108 (1994). It is clear upon closer inspection that this statute only provides statutory authority for the transfer of appeals by the Tennessee Court of Appeals. As such, it does not provide any authority to allow a chancery court to transfer an improperly made appeal to a circuit court and thus has no application to the present case.

Kraft also cites section 16-11-102 of the Tennessee Code as providing the authority to transfer the appeal. This statute states:

(a) The chancery court has concurrent jurisdiction, with the circuit court, of all civil causes of action, triable in the circuit court, except for unliquidated damages for injuries to person or character, and except for unliquidated damages for injuries to property not resulting from a breach of oral or written contract; and no demurrer for want of jurisdiction of the cause of action shall be sustained in the chancery court, except in the cases excepted.

(b) Any suit in the nature of the cases excepted above brought in the chancery court, where objection has not been taken by a plea to the jurisdiction, may be transferred to the circuit court of the county, or heard and determined by the chancery court upon the principles of a court of law.

Tenn. Code Ann. § 16-11-102 (1994). This statute has been interpreted by the supreme court as providing the statutory authority to chancery court to transfer many types of improperly filed original causes of action to circuit court. *See e.g., Flowers v. Dyer County*, 830 S.W.2d 51 (Tenn. 1992) (actions brought under the Tennessee Governmental Tort Liability Act); *Woods v. MTC Management*, 967 S.W.2d 800 (Tenn. 1998) (actions brought under the Tennessee Uniform Residential Landlord Tenant Act). However, the supreme court has never addressed whether this statute authorizes a chancery court to transfer an improper appeal made from a general sessions judgment to a circuit court with the proper jurisdiction. Upon our own examination of section 16-11-102 of the Tennessee Code, we find that the statute does not provide any such authority to a chancery court.

Kraft also cites rule 17 of the Tennessee Rules of Appellate Procedure which states "if a case is appealed to the Supreme Court, Court of Appeals, or Court of Criminal Appeals that should have been appealed to another court, the case shall be transferred to the proper court."

Tenn. R. App. P. 17.  A close examination of the rule shows that it does not address appeals made to chancery court.  This rule provides no statutory authority for the transfer of an appeal from chancery court to circuit court.

No statute has been cited by Kraft General Foods that provides a chancery court authority to transfer an improperly made appeal to circuit court, and we are aware of none.  As the chancery court lacked subject matter jurisdiction over the appeal by Kraft and had no authority to transfer it to the proper court, the chancery court should have granted the motion to dismiss and denied the motion to transfer.  Therefore, the motion to dismiss filed in the circuit court, which is the basis of this appeal, should have been granted.

### Timely appeal from General Sessions Judgment

Tennessee Code Annotated  section 27-5-101 states the proper procedure for appeals from a general sessions court.  "Any person dissatisfied with the judgment of a recorder or other officer of a municipality charged with the conduct of trials, in a civil action, may, within ten (10) entire days thereafter, Sundays exclusive, appeal to the next term of circuit court."  Tenn. Code Ann. § 27-5-101 (1980).  This statute is clear upon review that a party has ten days to appeal a general sessions judgment to a proper circuit court.  Kraft filed their appeals with the chancery court, which had no subject matter jurisdiction to hear such appeals.  As such, Kraft failed to timely file their appeals in a court with subject matter jurisdiction.

### Conclusion

The judgment of the circuit court denying the motions to dismiss made by Mr. Graves and Ms. Cross is reversed.  This cause is remanded to the trial court for further proceedings consistent with this opinion.  Costs on appeal are assessed against Kraft General Foods, and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE