IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 17, 2003 Session

## WILLIAM B. TANNER v. JOHN W. HARRIS, JR., TRUSTEE

**Appeal from the Chancery Court for Shelby County**
**No. 109179-3    D. J. Alissandratos, Chancellor**

_____

**No. W2002-02634-COA-R3-CV - Filed December 31, 2003**

_____

This case involves the collateral attack of a judgment. In the underlying proceedings, the defendant filed a lawsuit in general sessions court against the plaintiff individual. Process was served on the registered agent to accept service of process for the plaintiff's corporation. The plaintiff did not appear in general sessions court, and a default judgment was rendered in favor of the defendant. This was not appealed. The plaintiff then filed this separate lawsuit in chancery court to set aside the general sessions default judgment, claiming he was not served with process in the general sessions proceedings. The chancery court issued an order setting aside the general sessions judgment. The defendant appeals. We affirm, holding that the chancery court had jurisdiction to determine whether service was proper and finding no abuse of discretion on the part of the chancery court in setting aside the general sessions default judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and ALAN E. HIGHERS, J., joined.

John W. Harris, Jr., Trustee, Memphis, Tennessee, pro se.

Gary E. Veazey, Memphis, Tennessee, for the Appellee William B. Tanner.

### OPINION

This case involves the collateral attack in chancery court of a general session court judgment. In the underlying general sessions proceedings, Defendant/Appellant John W. Harris ("Harris"), proceeding *pro se*, sought injunctive relief as well as compensatory and punitive damages in general sessions court against Plaintiff/Appellee William B. Tanner, ("Tanner") individually, for Tanner's alleged impermissible placement of a billboard on Harris's property. The general sessions court warrant lists Yanna Kimbrough ("Kimbrough"), secretary for attorney Martin Grusin ("Grusin"), as having accepted service of process on Tanner's behalf as his agent. Tanner did not appear at the October 29, 1996 hearing in general sessions court, and Harris was granted a default judgment

against him. On November 21, 1996 Tanner filed a motion in general sessions court to set aside the default judgment, arguing that he had not been served process. On December 12, 1996, the general sessions court entered an order denying Tanner's motion, reasoning that a general sessions court is not permitted to set aside a final judgment under *Travelers Indemnity Co. v. Callis*, 481 S.W.2d 384, 385 (Tenn. 1972) and, in addition, finding that the face of the return of the process server established conclusively that Kimbrough was authorized to accept service on Tanner's behalf.

In March 1997, Tanner filed a lawsuit in Chancery Court, seeking to set aside the general sessions court judgment, again asserting that process was not served on either himself or an authorized agent. Harris filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the Chancery Court did not have jurisdiction to hear appeals from general sessions court. Harris's motion to dismiss was denied and the Chancery Court went on to hear the case on the merits. Throughout the proceedings, Harris maintained that the Chancery Court did not have subject matter jurisdiction.

At trial, the chancellor heard testimony from attorney Grusin and from the private process server who served the warrant on Kimbrough, Richard Billings ("Billings"). Billings testified that Grusin consented to accept the service of process on behalf of Tanner, and told Billings to leave the general sessions warrant with his secretary, Kimbrough. Billings testified that he followed these instructions. Grusin, on the other hand, testified that though he was the registered agent to accept process for Tanner's corporation, he had never been authorized to accept service of process for Tanner, individually, nor had he told Billings otherwise. Grusin also described his law office's procedures for accepting service of process on behalf of a client, including an explanation of the accompanying documentation. He testified that, in this case, there was no documentation to indicate that his office had accepted service of process on behalf of Tanner, individually. He also testified that he did not see the general sessions warrant Billings testified to leaving with his secretary, Kimbrough.

After hearing the testimony, the trial court found that Tanner had not been served process. In his oral ruling, the chancellor said:

> I'm not saying that anyone's telling anything less than the truth, but I think there was a difference between communication to give the impression to Mr. Grusin that Mr. Billings was talking about Tanner Peck LLC, and Mr. Billings thinking he's talking about Tanner Peck Outdoor Sign Company.
>
> But I don't think they must have been exactly communicating about William B. Tanner because in Mr. Billings's mind he may have thought he was talking about William B. Tanner, individually.
>
> But I'm equally convinced that Mr. Grusin would have set him straight and said, no, I am sorry, I can't accept that on Mr. William B. Tanner, individually because that's not my capacity.

In any event, I find for whatever reasons, Mr. William B. Tanner, individually was not served.

Thus, the chancellor found both witnesses to be credible in relating their impressions of the events surrounding the attempted service of process, but that a lack of communication resulted in no service of process on Tanner individually. The chancellor set aside the judgment of the general sessions court.[1] Harris filed a motion to alter or amend the order. This motion was denied. Harris now appeals the decision of the Chancery Court to set aside the general sessions court judgment against Tanner.

The issues on appeal are (1) whether the Chancery Court had jurisdiction to set aside the general sessions court judgment and (2) if so, whether the Chancery Court erred in doing so.

Because the case was tried without a jury, we review the chancellor's factual findings *de novo* accompanied by a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). We give particular deference to the credibility accorded to witnesses by the trier of fact, which makes the initial determination of the weight, faith, and credit to be given to the testimony of a witness. Estate of Walton v. Young, 950 S.W.2d 956, 959 (Tenn. 1997). The trial judge, who has the opportunity to observe the witnesses in their manner and demeanor while testifying, is in a far better position than this Court to determine credibility. McCaleb v. Saturn Corp., 910 S.W.2d 412, 415 (Tenn. 1995); Whitaker v. Whitaker, 957 S.W.2d 834, 837 (Tenn. Ct. App. 1997). The trial court's legal conclusions are reviewed *de novo* with no presumption of correctness. *Campbell*, 919 S.W.2d at 35.

The first issue on appeal is whether the Chancery Court had jurisdiction to set aside the general sessions court judgment. Harris asserts that, under section 27-5-108 of the Tennessee Code Annotated and *Graves v. Kraft Gen. Foods*, 45 S.W.3d 584, 586 (Tenn. Ct. App. 2000), the chancery court did not have subject matter jurisdiction to hear Tanner's claim. Harris argues that section 27-5-108 requires that the appeal of a judgment by a general sessions court must be to circuit court, not chancery court, and must be filed within ten days of the judgment. He contends that *Graves* establishes that the chancery court does not have jurisdiction to hear an appeal from general sessions court. Since Tanner's lawsuit was filed in chancery court, not circuit court, and was filed well beyond the ten-day limit, Harris argues, Tanner not only filed his appeal in the wrong court, but he filed it too late.

Harris's argument on appeal is based on the premise that this action is an appeal from a general sessions court judgment. It is not. Rather, Tanner's complaint was a collateral attack on the general sessions court's judgment, which the chancery court has jurisdiction to hear in limited instances. In *Cullum & Maxey Camping Center, Inc. v. Adams*, this Court observed: " '[A] suit in equity may be prosecuted to secure relief against a decree or judgment rendered by a court which

---

[1]The chancellor also dismissed a counter-complaint included in Harris's answer. Harris does not appeal the dismissal of his counter-claim. (Reply Brief at 9)

did not have jurisdiction of the person of the complaining party affected by it.' " ***Cullum & Maxey Camping Ctr, Inc. v. Adams***, 640 S.W.2d 22, 24 (Tenn. Ct. App. 1982) (quoting ***Rule v. Bell***, 617 S.W.2d 885, 886 (Tenn. 1981)).

The circumstances under which an independent action may be brought to collaterally attack a judgment are discussed in ***Jerkins v. McKinney***, 533 S.W.2d 275 (Tenn. 1976). In ***Jerkins***, the Court adopted the following standard:

> "Generally, such an independent action [to set aside a judgment] must show a recognized ground, such as fraud, accident, mistake or the like, for equitable relief and that there is no other available or adequate remedy. It must also appear that the situation in which the party seeking relief finds himself is not due to his own fault, neglect or carelessness. In this type of action, it is fundamental that equity will not grant relief if the complaining party 'has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action * * * to open, vacate, modify or otherwise obtain relief against, the judgment.' The granting of relief in this unusual type of proceeding lies largely within the discretion of the trial judge."

***Id.*** at 281-82 (quoting ***Winfield Assoc., Inc. v. Stonecipher***, 429 F.2d 1087, 1090 (10th Cir. 1970)). Thus, in the instant case, for Tanner to bring an independent action in Chancery Court to collaterally attack the general sessions judgment, he must show a recognized ground for equitable relief, "such as fraud, accident, mistake or the like." In addition, he must show that there was no other available or adequate remedy.[2]

We address first the requirement that Tanner have no other available or adequate remedy. Here, Tanner alleges that he was not served with the general sessions court warrant. There is no indication in the record that Tanner knew of the default judgment against him within the ten-day period in which an appeal could have been filed. The record indicates that, shortly after the ten-day period for appeal had elapsed, Tanner filed a motion in general sessions court to set aside the default judgment. This motion was correctly denied on the basis "that Rule 60 of the Tenn.R.Civ.P., which provides a mechanism for obtaining relief from a judgment, [is] not applicable in a general sessions court." ***Jones v. McMurray***, No. M2000-01959-COA-R3-CV, 2001 WL 1097052, at *1 (Tenn. Ct. App. Sept. 20, 2001). An appeal from the denial by the general sessions court of the motion to set aside would have been futile; the circuit court or an appellate court would have no choice but to affirm, since the denial of the motion by the general sessions court was correct. Thus, in this case, Tanner had no adequate remedy other than an independent action to collaterally attack the general sessions court default judgment.

---

[2]In ***Jerkins***, the Court also discusses an independent lawsuit pursuant to Rule 60 of the Tennessee Rules of Civil Procedure to seek relief from a final judgment. ***Jerkins***, 533 S.W.2d at 281. We do not address Rule 60 in this appeal, since the record in this case contains no indication that Tanner's chancery court lawsuit was filed pursuant to Rule 60.

As noted above, Tanner was required to establish a recognized ground for equitable relief, such as fraud or mistake. In this case, after hearing the testimony, the Chancery Court concluded that Grusin thought Billings's inquiry was whether he was the registered agent for Tanner's corporation, while Billings thought Grusin said that he was the registered agent to accept service of process for Tanner individually, leading to the mistaken conclusion that serving Grusin was adequate service of process on Tanner individually. After hearing the testimony presented, the Chancery Court found that such a mistake occurred, and after review of the record and with deference to the credibility determinations made by the trial judge, we cannot conclude that the evidence preponderates against the trial court's finding.[3] Thus, we find that the Chancery Court had jurisdiction to consider Tanner's independent lawsuit to set aside the default judgment entered against him by the general sessions court.

In addressing the second issue on appeal, as noted above, the decision of whether to grant the equitable relief of setting aside the judgment "lies largely within the discretion of the trial judge." *Jerkins*, 533 S.W.2d at 282. Under the circumstances in this case, we cannot conclude that the Chancery Court's decision to set aside the general sessions court judgment was an abuse of discretion. Thus, the decision of the Chancery Court is affirmed.

Finally, Tanner asks for damages, costs, and expenses of this appeal under section 27-1-122 of the Tennessee Code Annotated, arguing that this appeal is frivolous. Since Harris raised on appeal a legitimate issue regarding whether the Chancery Court had subject matter jurisdiction to hear this case, we decline Tanner's request.

The decision of the trial court is affirmed. Costs are taxed against Defendant/Appellant John W. Harris, and his surety, for which execution may issue if necessary.

_____

HOLLY M. KIRBY, JUDGE

---

[3]Harris argues that Grusin had a duty to notify Tanner of the general sessions warrant delivered to his office, since Grusin had from time to time represented Tanner individually, citing *Jarvis v. Jarvis*, 664 S.W.2d 694, 696-97 (Tenn. Ct. App. 1983). *Jarvis* is distinguishable since it involves a domestic case over which the court had continuing jurisdiction. *Id.* at 696. Moreover, there are no facts in the record supporting the assertion that service of process on Grusin constituted service on Tanner, particularly in light of Grusin's assertion, apparently credited by the Chancery Court, that he did not see the general sessions warrant. *See Id.*, 664 S.W.2d at 696-97. Therefore, this argument is without merit.