IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 10, 2011 Session

## OTTER'S CHICKEN TENDER, LLC v. JOEY COPPAGE

**Appeal from the Chancery Court for Davidson County**
**No. 09945III      Ellen Hobbs Lyle, Chancellor**

---

**No. M2010-02312-COA-R3-CV - Filed June 27, 2011**

---

This appeal arises out of a breach of contract action between a restaurant and its former employee. On cross motions for summary judgment, the court resolved all issues between the parties except whether attorney fees should be awarded and whether a permanent injunction should be issued against the employee. The court subsequently dismissed both parties' claims for attorney fees and extended a temporary injunction previously entered. Both parties appeal the denial of attorney fees; in addition, defendant asserts that the trial court erred in extending the temporary injunction. Finding that the court erred in determining that plaintiff was not the prevailing party, we reverse the court's denial of attorneys fees to plaintiff and remand for an award of fees for time spent pursuing injunctive relief; we affirm the court's action in extending the temporary injunction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Reversed in Part; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M.S., and FRANK G. CLEMENT, JR., J., joined.

James G. Stranch, R. Jan Jennings, Michael J. Wall, and Stacey K. Skillman, Nashville, Tennessee, for the appellant, Joey Coppage.

Austen Adams, Nashville, Tennessee, for the appellee, Otter's Chicken Tenders, LLC.

### OPINION

## I. Background

On November 1, 2004, Joey Coppage ("defendant") was hired as the Chief Operating Officer for Otter's Chicken Tenders, LLC ("plaintiff"), a restaurant that serves chicken

tenders and other food. Contemporaneous with the start of defendant's employment the parties executed a "Covenants Agreement," which included, among other things, a non-compete clause and other provisions relating to protection of confidential information and trade secrets; it also provided for an award of attorney fees to the prevailing party in the event of litigation.

On September 18, 2008, plaintiff terminated defendant's employment. A few months later, defendant sold his 15% ownership interest in Otter's Franchising, LLC, to plaintiff. The sale was memorialized in a "Membership Interest Purchase Agreement" executed by the parties; the Purchase Agreement also contained a non-disclosure provision and a "non-disparagement" provision but was silent as to non-competition.

On May 14, 2009, plaintiff sued defendant for breach of both the Covenants Agreement and the Purchase Agreement. The complaint alleged that defendant was engaging in employment negotiations in violation of the agreements with one of plaintiff's local competitors, McDougal's Chicken Fingers and Wings, and was "wrongfully convey[ing] confidential information and trade secrets" to McDougal's. The complaint sought temporary and permanent injunctions to enforce the non-compete and non-disclosure provisions; plaintiff also sought damages for breach of contract, attorney fees, and court costs.

The trial court issued a temporary restraining order that enjoined defendant from "owning, managing, operating, controlling, enabling or otherwise be employed" by McDougal's or any other competitor of plaintiff. A hearing on the application for a preliminary injunction was held on June 17, 2009; the next day, the trial court issued a temporary injunction extending the provisions of the temporary restraining order and, further, requiring defendant to return to plaintiff all hard copies and disks of plaintiff's confidential information and trade secrets, and to serve a notice on plaintiff of all the email addresses to which defendant electronically transmitted copies of plaintiff's trade secrets and confidential information.[1]

Defendant answered the complaint and asserted certain affirmative defenses; defendant also counterclaimed for breach of the Purchase Agreement, wrongful injunction, and intentional interference with his prospective business relations. Thereafter, plaintiff was granted leave to amend its complaint and added claims for breach of the Purchase Agreement based on disparaging statements made by defendant, common law defamation, and misappropriation of trade secrets and confidential information under Tenn. Code Ann. § 47-25-1701 *et seq*.

---

[1] Issuance of the temporary injunction was contingent on plaintiff posting a $20,000 bond and on depositing $3,000 in the registry of the court. Plaintiff complied with these requirements.

On cross motions for summary judgment, the court dismissed plaintiff's claims for breach of contract, defamation, and misappropriation of trade secrets and confidential information; the court also dismissed defendant's claims for intentional interference with prospective business relations and wrongful injunction. The court found for defendant on the claim for breach of the Purchase Agreement and awarded judgment in the amount of $3,000 plus prejudgment interest. The court reserved two remaining issues for trial: (1) whether either party was entitled to attorney fees and (2) whether plaintiff should be granted a permanent injunction against defendant.

By agreement of the parties, the trial court resolved those issues on the record and, in an order entered June 23, 2010, the court dismissed both parties' claims for attorney fees, finding that there was no prevailing party. The court also found that, because the non-compete provision lasted until September 17, 2010, a permanent injunction was not appropriate; the court extended the temporary injunction to September 17. On October 6, the court entered a final order dissolving the injunction and taxing costs equally between the parties.

On appeal, both parties contend that they were the prevailing party in the trial court and entitled to an award of attorney's fees and costs under the Covenants Agreement; defendant also contends that the trial court erred in extending the temporary injunction after the court denied a permanent injunction.

## II. Discussion

### A. Extension of the Temporary Injunction

Initially, we address plaintiff's assertion that whether the trial court erred in extending the temporary injunction is a moot issue because "the time period for the extension of the temporary injunction has long since run," and "there is no need for this Court to revisit whether or not the trial court properly extended the injunction."

A moot case is one that has lost its justiciability either by court decision, acts of the parties, or some other reason occurring after commencement of the case. *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam County*, 301 S.W.3d 196, 204 (Tenn. 2009). A case is not justiciable if it does not involve a genuine, continuing controversy requiring the adjudication of presently existing rights. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998). One of the issues in this appeal is whether the trial court erred in determining that neither party was a "prevailing party" for purposes of an award of attorney fees. To the extent plaintiff contends that the issuance and extension of the injunction means

that plaintiff is the prevailing party for purposes of an award of counsel fees, the issue of whether the court erred in that regard remains justiciable and is not moot.

In the order granting the temporary injunction, the trial court made findings of fact in accordance with Tenn. R. Civ. P. 65.04(6). The trial court found that plaintiff's testimony that defendant transmitted portions of plaintiff's operations manual to defendant's e-mail account was "unrefuted circumstantial evidence" defendant had the means to disclose the plaintiff's trade secrets and confidential information. The court also found that defendant was "discussing employment opportunities" with plaintiff's main competitor, McDougal's, and that such discussions posed a risk of disclosure of plaintiff's trade secrets and confidential information. The court held that paragraph 7 of the Purchase Agreement,[2] which prohibited defendant from disclosing plaintiff's confidential information, provided the basis for the court's order prohibiting defendant from being employed by McDougal's.[3] The court separately ordered defendant to return the confidential information and trade secrets as required by the Covenants Agreement.

In the order of June 23, 2010 resolving the reserved issues, the court recited the history of the case, including the disposition of the claims of the parties and found that the entry of the temporary injunction on June 18, 2009, which required defendant to return all trade secrets and confidential information to plaintiff, rendered moot the issue of whether a permanent injunction as to those matters should issue. As to the enforcement of the non-compete provision, the court held:

---

[2] Paragraph 7 states:

7. Confidential Information: Seller recognizes that in connection with his employment with Purchaser, he came into possession of confidential or secret data, recipes, procedures, financial information or other information of Purchaser. Seller agrees not to disclose, use or otherwise make available to any person any confidential information at any time for any purpose. Notwithstanding the foregoing, in the event any confidential information shall at any time come into the public domain other than as a result of violation of the foregoing agreement by Seller, the provisions of this Section shall not apply solely with respect to such confidential information lawfully obtained.

[3] Defendant contended that the injunction should not issue because the Covenants Agreement, which contained the non-compete provision, was superseded by the Purchase Agreement, which did not contain such a provision. The court did not reach this issue, because of the "preliminary and incomplete record"; however, the court concluded that the provision in paragraph 7 of the Purchase Agreement stated an independent basis "for the court to use its equitable powers to craft a remedy, in this case enjoining the defendant from being employed by McDougal's, to protect the trade secrets." In his brief on appeal, defendant "acknowledges that that was a correct decision, and the parties have otherwise accepted that the Covenants Agreement is a valid enforceable contract."

-4-

the parties' agreement provides that the duration of the noncompete prohibition[4] is September 17, 2010—three months from the date of this order. Under these circumstances, a permanent injunction is not appropriate. Instead, the Court extends the duration of that portion of the temporary injunction entered on June 18, 2009, that prohibited defendant from consulting with and/or being employed by McDougal's. That part of the June 18, 2009 temporary injunction is extended to September 17, 2010, on which date the temporary injunction shall dissolve. At that time, the Court shall enter a final order closing its file and taxing costs equally between the parties.

On appeal, defendant does not contest the trial court's entry of the temporary injunction on June 18, 2009 or the court's findings of fact in support of the injunction; defendant asserts that the trial court abused its discretion in extending the temporary injunction in the June 23, 2010 order. Defendant contends that temporary injunctions "have the limited purpose of maintaining the status quo until a decision on the merits," and that the temporary injunction should have dissolved upon denial of the permanent injunction.

The standard of review for a trial court's decision to grant or dissolve a temporary injunction is abuse of discretion. *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009); *Myers v. Wolf*, 34 S.W.2d 201, 205 (Tenn. 1931); *Alexander v. Alexander*, 286 S.W.2d 104, 106 (Tenn. Ct. App. 1955). We have found no authority in Tennessee setting forth a different standard for reviewing modifications of injunctions and can discern no reason to apply a different standard. Our Supreme Court in *Eldridge v. Eldridge*, 42 S.W.3d 82 (Tenn. 2001) articulated that standard as follows:

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000). A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache [s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998).

*Eldridge*, 42 S.W.3d at 85.

---

[4] Although the court does not specifically state which agreement it is referring to, the only agreement that contained a non-compete provision was the Covenants Agreement.

In the instant case, the court extended the temporary injunction in accordance with the non-compete provision in the Covenants Agreement, which stated:

> 9. Non-Competition: During the Restricted Period, You shall not, directly or indirectly, own, manage, operate, control, enable, whether by license, sublicense, assignment or otherwise, be employed by or otherwise engage or participate in, or be connected as a director, officer, partner, member, lender, guarantor, advisor, or consultant to any corporation, limited liability company, partnership or other business entity or person that directly or indirectly, (1) engages in the Business, (2) competes in the Business against the Company, its parent, or any of their subsidiaries or affiliate entities, (3) markets distributes or sells any products or services, which products or services are competitive to the products marketed, sold or distributed by the Company, or any of its subsidiaries or affiliates entities or (4) utilizes intellectual property that is the same or similar, or provides the same or similar functionality or any Confidential Information or Trade Secrets.

The "Restricted Period" is defined elsewhere in the Covenants Agreement as "the time period during which you are engaged by the Company and for two (2) years after Your employment with the Company ends."

Defendant's employment was terminated on September 18, 2008; therefore, the non-compete provision expired, by its terms, on September 17, 2010—the date set by the trial court for expiration of the temporary injunction. The court's order enforced the agreement between the parties, specifically, defendant's compliance with the non-compete provision. In light of the facts and circumstances of the case, the court had a legal and factual basis to extend that injunction and, consequently, did not abuse its discretion.

Further, to the extent that plaintiff asserts that a temporary injunction may only be utilized during the pendency of the proceedings, the June 23, 2010 order stated that it was "not a final order." The proceedings did not end until October 7, when a final order dissolving the injunction was entered. Tenn. R. Civ. P. 65.04(5) states that a temporary injunction "shall remain in force until modified or dissolved on motion *or until a permanent injunction is granted or denied*." Thus, the continuation of the temporary injunction was within the pendency of the litigation and complied with Tenn. R. Civ. P. 65.04; the court did not abuse its discretion.

*B. Attorney Fees*

Both parties contend that the trial court erred in denying their respective request for an award of attorneys fees, each asserting that they were the prevailing party for purposes of the recovery of fees. Each bases their claim on the following provision in the Covenants Agreement:

> 12. <u>Attorneys' Fees</u>. In the event of litigation relating to this Agreement, the prevailing party shall be entitled to recover attorneys' fees and costs of litigation in addition to all other remedies available at law or in equity.

What constitutes a "prevailing party" is not defined in the Covenants Agreement, and the contract is otherwise silent as to how the court should determine the prevailing party.

The trial court determined that neither party had prevailed and declined to award fees, stating:

> [T]here was no prevailing party. Some of the actions of each side were found by the Court to merit relief; some of the actions of each side were found by the Court not to merit relief. Moreover, the relief recovered by each side was narrow and minimal: the issuance of a limited temporary injunction in favor of the plaintiff and against the defendant, and the summary judgment award of $3,000.00 to the defendant. The relative relief/recovery and relative dismissals of claims to each side, the Court concludes, are respectively, equal. This is the basis of the Court's determination that there is no prevailing party.

In *J & B Investments, LLC v. Surti*, 258 S.W.3d 127, 138 (Tenn. Ct. App. 2007), this court held:

> Litigants must pay their own attorney's fees absent a statute or agreement providing otherwise. *State v. Brown & Williamson Tobacco Corp.,* 18 S.W.3d 186, 194 (Tenn. 2000) (citing *John Kohl & Co. v. Dearborn & Ewing,* 977 S.W.2d 528, 534 (Tenn. 1998)). Courts should enforce provisions in contracts that expressly allow a party to recover its attorney fees incurred in disputes over the contract. *Pullman Standard, Inc. v. Abex Corp.,* 693 S.W.2d 336, 338 (Tenn.1985); *Pinney v. Tarpley,* 686 S.W.2d 574, 581 (Tenn. Ct. App. 1984)). The entitlement to recover attorney's fees, however, is limited to the situation agreed to by the parties in the contract, and the fee provision is subject to the rules of contract interpretation. *Clark v. Rhea,* No. M2002-02717-COA-R3-CV, 2004 WL 63476, at *2 (Tenn. Ct. App. Jan.13, 2004).

> Appellate review of the trial court's interpretation of a fee provision in a contract is reviewed *de novo* as a question of law. *Id.*

Applying the standard set out in *Surti*, we have determined that plaintiff is entitled to an award of counsel fees for time spent relative to securing injunctive relief to enforce the Covenants Agreement.

Plaintiff asserted causes of action for breach of the Covenants Agreement and the Purchase Agreement,[5] common law defamation and violation of the Trade Secrets Act at Tenn. Code Ann. § 47-25-1701 *et. seq.* Defendant counterclaimed, asserting claims for breach of the Purchase Agreement, wrongful injunction and intentional interference with business relationships. Plaintiff was successful in enforcing provisions in both the Covenants Agreement and the Purchase Agreement by having a temporary restraining order and preliminary injunction issued, whereby defendant was required to return confidential information and trade secrets to plaintiff, and in the Covenants Agreement by preventing defendant from securing employment with plaintiff's competitor. Defendant was successful in recovering $3,000.00 for plaintiff's breach of the Purchase Agreement. The only contract which authorized an award of attorneys fees to the prevailing party was the Covenants Agreement. Consequently, there was no contractual basis for an award of fees to defendant.

In *Qualls v. Camp*, No. M2005-02822-COA-R3-CV, 2007 WL 2198334 (Tenn. Ct. App. July 23, 2007), this court reviewed the lengthy discussion of the standards for determining the prevailing party set forth in *Consol. Waste Sys., LLC v. Metropolitan Gov't of Nashville & Davidson County,* No. M2002-02582-COA-R3-CV, 2005 WL 1541860 (Tenn. Ct. App., June 30, 2005) and held that prevailing party status arises when the outcome of litigation "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Consol. Waste Sys.*, 2007 WL 2198334, at *6.

The "Trade Secrets and Confidential Information" provision of the Covenants Agreement includes the following language:

> (B) You will not:
>    * * *
>    (ii) upon resignation or termination as an employee, (a) retain Trade secrets or Confidential Information, including any copies existing in any form

---

[5] Plaintiff's claims for breach of the Purchase Agreement arose in two contexts: breach of the provision prohibiting defendant from disclosing confidential information and trade secrets and the provision in which defendant agreed not to make disparaging communications regarding plaintiff.

(including electronic form) which are in your possession or control, or (b) destroy, delete, or alter the Trade Secrets or Confidential Information without the Company's consent.

In the order granting the temporary injunction issued June 18,[6] the court held in relevant part:

> After considering the record, oral testimony at the hearing, the applicable law and argument of counsel, the Court concludes that the plaintiff has demonstrated its entitlement to the issuance of a mandatory temporary injunction that requires the defendant, on or before July 2, 2009, to return to the plaintiff all hard copies and disks of the employer's confidential information and trade secrets including but not limited to all of or portions of the plaintiff's Operations Manual.

> The practical effect of having the temporary restraining order and temporary injunction issued was to alter the defendant's behavior, within the rule set forth in *Consol. Waste Sys*. and *Qualls v. Camp.* The injunction "did more than merely sustain the status quo until the underlying dispute could be resolved." *See Fannon v. City of LaFollette*, 329 S.W.3d 418, 432 (Tenn. 2010). Defendant kept the information for several months following his termination (during which time the parties were negotiating the Purchase Agreement) and the injunctive relief secured by plaintiff made defendant alter his behavior and resulted in the return of plaintiff's property. Under the prevailing law and the facts of this case, plaintiff is entitled to recover fees to the extent plaintiff prevailed in securing injunctive relief enforcing the non-disclosure and non-competition provisions of the Covenants Agreement. The fact that plaintiff did not succeed on all of the claims asserted is a factor to be addressed in the trial court's determination of a reasonable fee. *See* Tenn. Sup. Ct. R.8, RPC 1.5.

> Both parties seek a declaration from this Court that they are the prevailing party on appeal and are entitled to an award of attorney fees. For the same reasons we have determined that plaintiff is entitled to an award of fees pursuant to the Covenants Agreement and the defendant is not, we hold that plaintiff is entitled to attorneys fees for this appeal.

---

[6] Defendant's employment was terminated on September 18, 2008.

## III. Conclusion

For the foregoing reasons, the judgement of the Chancery Court denying an award of attorneys fees to plaintiff is REVERSED and the case remanded for reconsideration in accordance with this opinion; in all other respects, the judgment is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE